UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| CROSS RIVER BANK,<br>a New Jersey Business Entity,<br>400 Kelby Street - 14th Floor<br>Fort Lee, NJ 07024<br><br>　　　　　　Plaintiff,<br>　v.<br><br>3 BEA'S ASSISTED LIVING LLC, a<br>Maryland Limited Liability Company, a/k/a<br>THREE BEA'S ASSISTED LIVING<br>544 Barnacle Lane<br>Lusby, MD 20657<br><br>and<br><br>CONNIE STEWART, and<br>2050 Peace Ct<br>St. LeonardDAVID STEWART, JR.,<br>13500 Danielle Circle<br>Brandywine, MD 2068520613<br><br><br><br>　　　　　　Defendants. | Case No.　8:21-cv-03210-TJS |

## **AMENDED COMPLAINT**

Plaintiff Cross River Bank ("Cross River"), by and through its attorneys, submits this amended[1] complaint against defendants 3 Bea's Assisted Living LLC a/k/a Three Bea's Assisted Living ("3 Bea's") and"), Connie Stewart, and David Stewart, Jr. and states as follows:

---

[1] Plaintiff submits this Amended Complaint as a matter of course pursuant to Fed. R. Civ. P. R 15(a). In accordance with Local Rule 103.6(c), a copy of this amended complaint in which stricken material has been lined through and new material has been underlined is being submitted herewith.

## THE PARTIES

1. Cross River is a New Jersey business entity having its principal place of business at 400 Kelby Street, 14th Floor, Fort Lee, New Jersey 07024.

2. 3 Bea's is a Maryland limited liability company having its principal place of business at 544 Barnacle Lane, Lusby, Maryland 20657.

3. Connie Stewart, residing at ~~2050 Peace Ct. St. Leonard~~13500 Danielle Circle, Brandywine, Maryland ~~20685~~20613, is ~~a~~ principal, owner, officer, managing member, and registered agent for 3 Bea's.

4. David Stewart Jr., who upon information and belief resides at 13500 Danielle Circle, Brandywine, Maryland 20613, is the son of Connie Stewart and, as further described herein, is a transferee of the aforesaid property conveyed by Connie Stewart.

## JURISDICTION AND VENUE

~~3.~~5. This is a civil action for damages which significantly exceed $75,000.00, exclusive of interest and costs. Subject matter jurisdiction exists by virtue of 28 U.S.C. § 1332, diversity of citizenship.

~~4.~~6. This Court has personal jurisdiction over 3 Bea's, which is located in Maryland, and over Connie Stewart, who resides and works in Maryland.

~~5.~~7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because 3 Bea's is located in Maryland and Connie Stewart resides and works in Maryland. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because this is a judicial District in which a substantial part of the events or omissions giving rise to the claim occurred.

## STATEMENT OF FACTS

6.8.    The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") is a federal law enacted in or around March 2020 and designed to provide assistance to businesses suffering from the economic effects cause by the COVID-19 pandemic for employee job retention and certain other expenses, through the Paycheck Protection Program ("PPP").  PPP loans are administered by the United States Small Business Administration ("SBA").

7.9.    In order to obtain a PPP loan, a qualifying business must submit a PPP loan application, which is signed by an authorized representative of the business.  The PPP loan application requires the business through its authorized representative to acknowledge the program rules and make multiple affirmative certifications on the Borrower Application Form, and on other loan documents, as well as to execute a promissory note and other documents, in order to be eligible to obtain the PPP loan.  PPP loan applications are processed by a participating financial institution, such as plaintiff Cross River Bank.

8.10.    PPP loan proceeds may be used by the business for certain permissible expenses, including payroll costs, interest on mortgages, rent, utilities and other listed expenses.

9.11.    On the Borrower Application Form, the business, through its authorized representative, must state, among other things, its average monthly payroll expenses and the number of employees.  These figures are used to calculate the amount of money the business is eligible to receive under the PPP.  In addition, businesses applying for a PPP loan must provide documentation supporting their payroll expenses, such as tax forms and bank statements.

10.12.    On or about April 23, 2020, defendant Connie Stewart on behalf of 3 Bea's submitted an online application for a PPP loan from Cross River that misrepresented 3 Bea's average monthly payroll to be $1,266,967 and sought from Cross River an improper PPP loan amount of $1,706,711.  Elsewhere in the application the loan amount was stated to be $20,680.

3

~~11.~~13.  In order to fund an approved PPP loan with Cross River, the borrower electronically signs (via the DocuSign program) a number of certifications and loan documents.  The borrower is also required to electronically initial (via the DocuSign program) a number of specific certifications and statements on various loan documents.

~~12.~~14.  On May 5, 2020, Connie Stewart certified on the Borrower Application Form, among other things, that the average monthly payroll of the business was $8,272; that the business had eight (8) employees; that the loan amount requested was $20,680; that the business was in operation on February 15, 2020 and had employees for whom it paid salaries and payroll taxes or paid independent contractors, as reported on Form(s) 1099-MISC; that the loaned funds would be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments, as specified under the PPP Rule; that she understood that if the funds were knowingly used for unauthorized purposes, the federal government could hold her legally liable, including for charges of fraud; and that the information provided in the application and in all supporting documents and forms was true and accurate in all material respects, and that knowingly making a false statement to obtain a guaranteed loan from the SBA is punishable under the law pursuant to several federal statutes.

~~13.~~15.  On May 5, 2020, Connie Stewart certified on the Resolution to Borrow that she is an officer of 3 Bea's and among other things that the borrower is a duly formed entity which is, and at all times was, duly organized, validly existing and in good standing under the laws of the State of its organization.  She also certified separately as president, manager or managing member of the borrower that she was duly elected, appointed, or employed by or for the borrower, and occupied the position set opposite her name, and that the resolution now stands of record on the books of the borrower.

~~14.~~16.  On May 5, 2020, Connie Stewart also initialed the top section of the Resolution to Borrow which stated the loan principal was $1,706,711, the Loan Date was 04/30/20, the Loan Number was 7535127309 and that she was an officer of the borrower.

~~15.~~17.  On May 5, 2020, Connie Stewart certified on the U.S. Small Business Settlement Sheet ("Settlement Sheet") that all of the above statements were accurate to the best of her knowledge and that submitting false information to the government may result in criminal prosecution and fines.  She certified that the note amount was $1,706,117, that the SBA Loan Number was 7535127309, that the lender was Cross River, that the loan type was a term loan, and that there would be full disbursement.

~~16.~~18.  On May 5, 2020, Connie Stewart signed the U.S. Small Business Administration Note ("Note") immediately below the words "Three Bea's Assisted Living, Borrower" and below a sentence which reads: "BORROWER'S NAME(S) AND SIGNATURE(S): By signing below, each individual or entity becomes obligated under this Note as Borrower."  Among numerous provisions contained in the Note is one which states "All individuals and entities signing this Note are jointly and severally liable."   The Note set forth the amount of the loan as $1,706,117, the date of the Note as April 30, 2020, the SBA Loan Number as 7535127309, the SBA Loan Name as Three Bea's Assisted Living, the lender as Cross River, and the interest rate as one (1) percent per annum.  The first numbered paragraph of the Note, titled "Promise to Pay," states: "[i]n return for the Loan, Borrower promises to pay to the order of Lender the amount of one million, seven hundred six thousand, one hundred seventeen Dollars, interest on the unpaid principal balance, and all other amounts required by this Note."

~~17.~~19.  In addition, the Note required the borrower to make payments of principal and interest following a six-month period of payment deferral consisting of eighteen (18) monthly

consecutive principal and interest payments, beginning seven months from the date of initial disbursement, with interest at a rate of one (1) percent per annum payable to Cross River at its address at 400 Kelby Street, 14th Floor, Fort Lee, New Jersey 07024, Attention: Loan Servicing Department.

18.20. On May 5, 2020, Connie Stewart signed an Authorization to Release Information, Re-Execution Certificate and Covenant to Deliver Financial Information, which were included in the PPP loan application materials.

19.21. 3 Bea's and Connie Stewart's PPP loan application documents, including electronically submitted materials, contained false and misleading statements, including, but not limited to, that 3 Bea's qualified for a PPP loan in the amount of $1,706,711.

20.22. Having certified that 3 Bea's had eight (8) employees and an average monthly payroll of $ 8,272, Connie Stewart falsely certified repeatedly on various loan documents that 3 Bea's was eligible for a PPP loan of $1,706,711. The maximum PPP loan amount pursuant to the Rule's formula was $20,680 ($8,272 x 2.5).

21.23. After 3 Bea's and Connie Stewart submitted the fully executed loan documents on or about May 5, 2020, Cross River funded the PPP loan by wire to 3 Bea's Bank of America bank account in the amount of $1,706,711.

22.24. Despite demands for return of the PPP loan funds, beginning on or about July and August of 2020, 3 Bea's and Connie Stewart have failed and refused to return any of the funds.

23.25. After demand by Cross River, Bank of America voluntarily remitted $4,717.53 out of 3 Bea's account leaving an outstanding PPP loan balance of $1,701,399.47, excluding interest.

24.26. The Note expressly provides that a borrower is in default under the Note if a borrower, or anyone acting on its behalf, makes a materially false or misleading representation to

the Lender or the SBA, or if a borrower does not disclose, or anyone acting on its behalf does not disclose, any material fact to the Lender or the SBA.

25.27. 3 Bea's and Connie Stewart are in default under the Note for falsely certifying on various loan documents that 3 Bea's was eligible for a $1,706,711 PPP loan.

26.28. The Note expressly provides that a borrower is also in default if a borrower does not make a payment when due under the Note. To date neither 3 Bea's nor Connie Stewart have remitted any payments pursuant to the terms of the Note.

27.29. 3 Bea's and Connie Stewart are in default of the Note due to failure to make required payments of principal and interest.

28.30. Upon information and belief, to date neither 3 Bea's nor Connie Stewart have applied for PPP loan forgiveness pursuant to the applicable Rules, nor could they, because given the minimal number of employees and payroll level represented on the Borrower Loan Application, the loan far exceeded the amount 3 Bea's qualified for ($20,680).

29.31. Cross River has demanded payment of the outstanding amount pursuant to the Note and has not received payment.

30.32. The Note specifically provides that in the event of default, Cross River is entitled to recover its reasonable attorneys' fees and costs, in addition to other remedies.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION AGAINST BOTH DEFENDANTS
### (Breach of Contract)

31.33. Cross River Bank repeats, realleges, and incorporates by reference the foregoing allegations as though fully set forth herein.

32.34. On or about May 6, 2020, Cross River funded a PPP loan to 3 Bea's and Connie Stewart in the amount of $1,706,711.

33.35.  To evidence their indebtedness for all borrowings made on the PPP loan, on May 5, 2020 Connie Stewart and 3 Bea's executed in favor of and delivered to Cross River a Note in the principal sum of $1,706,711.   Pursuant to the Note, both Connie Stewart and 3 Bea's are jointly and severally liable.

34.36.  Defendants are in default under the Note for, among other things, making false statements in connection with its application for the PPP loan.

35.37.  Defendants are in default under the Note for, among other things, failing to deliver payments of principal and interest as and when such payments have become due and payable.

36.38.  Cross River Bank has the right under the Note to require immediate payment of all amounts owing under the Note.

37.39.  In breach of their obligations under the Note, Connie Stewart and 3 Bea's have failed to pay all amounts due thereunder.   Only $4,717.53 has been obtained via a 3 Bea's bank account with Bank of America.

38.40.  Upon information and belief, neither Connie Stewart nor 3 Bea's have applied for loan forgiveness.

39.41.  Cross River has demanded payment of sums owed pursuant to the Note.

40.42.  Despite the demands for payment, Connie Stewart and 3 Bea's have failed to make any payment to Cross River, in breach of the Note and other loan documents.

41.43.  Cross River is entitled to judgment against defendants, jointly and severally, for return of $1,701,399.47 in PPP loan funds, plus one (1) percent interest, reasonable attorneys' fees and costs, any and all late charges and related fees in accord with the subject loan documents, for pre-judgement interest, and for such other damages and relief as the Court may deem just and proper.

## SECOND CAUSE OF ACTION ~~AGAINST BOTH DEFENDANTS~~
### (Money Had and Received)

~~42.~~44.  Cross River Bank repeats, realleges, and incorporates by reference the foregoing allegations as though fully set forth herein.

~~43.~~45.  3 Bea's and Connie Stewart received $1,706,117 in PPP loan funds to which they were not entitled to or qualified for.

~~44.~~46.  Equity and good conscience militates against permitting 3 Bea's and Connie Stewart to retain the loan funds.

~~45.~~47.  On July 16, 2020, Cross River recovered $4,717.53 from 3 Bea's' account at Bank of America, leaving a balance due of $1,701,399.47, excluding interest.

~~46.~~48.  Cross River made demand for return of the PPP loan funds in question, but 3 Bea's and Connie Stewart have failed and refused to do so.

~~47.~~49.  Cross River is entitled to judgment against defendants, jointly and severally, for return of $1,701,399.47 in PPP loan funds, interest on the PPP loan funds for the duration that they remained with 3 Bea's and/or Connie Stewart, for reasonable costs and expenses incurred in this action, including attorneys' fees and costs, for pre-judgment interest, and for such other damages and relief as the Court may deem just and proper.

## THIRD CAUSE OF ACTION ~~AGAINST BOTH DEFENDANTS~~
### (Unjust Enrichment)

~~48.~~50.  Cross River Bank repeats, realleges, and incorporates by reference the foregoing allegations as though fully set forth herein.

~~49.~~51.  3 Bea's and Connie Stewart induced and encouraged Cross River to confer PPP loan funds upon them in significant excess of the amount to which 3 Bea's qualified, and for which

9

they are now liable.

~~50.~~52.  3 Bea's and Connie Stewart were unjustly enriched at the expense of Cross River by requesting, receiving, and wrongfully retaining $1,701,399.47 in PPP loan funds, to which they were not entitled or qualified for.

~~51.~~53.  Equity and good conscience militates against permitting 3 Bea's and Connie Stewart to retain the loan funds.

~~52.~~54.  Cross River is entitled to judgment against defendants, jointly and severally, for return of $1,701,399.47 in PPP loan funds, interest on the PPP loan funds for the duration that they remained with 3 Bea's and/or Connie Stewart, for reasonable costs and expenses incurred in this action, including attorneys' fees and costs, for pre-judgment interest, and for such other damages and relief as the Court may deem just and proper.

**FOURTH CAUSE OF ACTION** ~~**AGAINST BOTH DEFENDANTS**~~
**(Conversion)**

~~53.~~55.  Cross River Bank repeats, realleges, and incorporates by reference the foregoing allegations as though fully set forth herein.

~~54.~~56.  3 Bea's and Connie Stewart have and are continuing to exercise unauthorized ownership and/or dominion over the personal property of Cross River, specifically identified as $1,701,399.47 in PPP loan funds provided by Cross River ($1,706,711 - $4,717.53 recovered from Bank of America = $1,701,399.47).

~~55.~~57.  These PPP loan funds have been or should have been segregated for the particular purposes identified in 85 FR 20811, Interim Final Rule Relating to Implementation of Sections 1102 and 1106 of the CARES Act, and have been wrongfully obtained and retained.

~~56.~~58.  Despite Cross River's demands that 3 Bea's and Connie Stewart return the PPP loan funds in question, they have refused to do so.

~~57.~~59.  Cross River demands judgment against defendants, jointly and severally, for return of $1,701,399.47 in PPP loan funds, interest on the PPP loan funds for the duration that they remained with 3 Bea's and/or Connie Stewart, for reasonable costs and expenses incurred in this action, including attorneys' fees and costs, for pre-judgment interest, and for such other damages and relief as the Court may deem just and proper.

## FIFTH CAUSE OF ACTION ~~AGAINST BOTH DEFENDANTS~~
### (Fraud/Misrepresentation)

~~58.~~60.  Cross River Bank repeats, realleges, and incorporates by reference the foregoing allegations as though fully set forth herein.

~~59.~~61.  In order to induce Cross River to provide a PPP loan, on or about April 23, 2020, Connie Stewart on behalf of 3 Bea's knowingly and with intent to defraud Cross River made a number of intentionally false statements on the electronically submitted PPP loan application, including, but not limited to, a statement that $1,266,967 was 3 Bea's' average monthly payroll and that the appropriate requested PPP loan amount was $1,706,117.

~~60.~~62.  In order to induce Cross River to provide a PPP loan in the grossly inflated amount of $1,706,117, on or about May 5, 2020, Connie Stewart on behalf of 3 Bea's knowingly and with intent to defraud Cross River made a number of intentionally false certifications and false statements, including but not limited to, on the Borrower Application Form, Resolution to Borrower, Settlement Sheet, and the Note connected to the PPP loan issued to Three Bea's.

~~61.~~63.  Connie Stewart falsely certified that 3 Bea's was eligible for $1,706,711 in PPP loan funds, and elsewhere within the application contradicted herself by certifying that 3 Bea's was

11

only eligible for $20,680 in PPP loan funds. Connie Stewart falsely certified on the Borrower Application Form that "[t]he funds would be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments, as specified under the Paycheck Protection Program Rule" because 3 Bea's received approximately eighty-two (82) times the amount it was eligible for in PPP loan funds.

<del>62.</del>64. In addition, Connie Stewart falsely certified on behalf of 3 Bea's on the Borrower Application Form that "I further certify that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects."

<del>63.</del>65. Among other things, certifying that 3 Bea's was eligible for a $1,706,711 PPP loan on multiple documents, including the Resolution to Borrower, the Settlement Sheet, and the Note, among others, was false, and done knowingly and with the intention to induce Cross River to provide a grossly inflated $1,706,711 PPP loan, and with the intention that Cross River rely to its detriment on the false certifications.

<del>64.</del>66. The aforesaid certifications and statements were false. Connie Stewart and 3 Bea's knew they were false at the time they were made, and said certifications and statements were made with the intent to deceive Cross River.

<del>65.</del>67. Defendants made such false certification knowingly or, at a minimum, with reckless indifference to its truth.

<del>66.</del>68. The first numbered paragraph of the Note, titled "Promise to Pay," stated "[i]n return for the Loan, Borrower promises to pay to the order of Lender the amount of one million, seven hundred six thousand, one hundred seventeen Dollars, interest on the unpaid principal balance, and all other amounts required by this Note."

~~67.~~69.  Beginning in or about July and August of 2020, Cross River has requested return of the PPP loan funds, which has been wrongfully refused.

~~68.~~70.  Cross River reasonably and justifiably relied to its detriment on the aforesaid false certifications and statements made by Connie Stewart and 3 Bea's on the loan documents certifying eligibility for a grossly inflated PPP loan in the amount of $1,706,711.

~~69.~~71.  As a result of Connie Stewart's and 3 Bea's' fraudulent conduct as aforesaid, Cross River has and will continue to sustain damages and compensable injury.

~~70.~~72.  Upon information and belief, the SBA will not guarantee the full $1,706,711 funded but only possibly $20,680.

~~71.~~73.  Cross River is entitled to judgment against defendants, jointly and severally, for return of $1,701,399.47 in PPP loan funds, interest on the PPP loan funds for the duration that they remained with 3 Bea's and/or Connie Stewart, for reasonable costs and expenses incurred in this action, including attorneys' fees and costs, for pre-judgment interest, and for such other damages and relief as the Court may deem just and proper.

## SIXTH CAUSE OF ACTION ~~AGAINST BOTH DEFENDANTS~~
### (Negligent Misrepresentation)

~~72.~~74.  Cross River Bank repeats, realleges, and incorporates by reference the foregoing allegations as though fully set forth herein.

~~73.~~75.  3 Bea's and Connie Stewart made the aforesaid misrepresentations with the knowledge and intent that they would be relied upon by Cross River Bank.

~~74.~~76.  Defendants were negligent in making the aforesaid misrepresentations.

~~75.~~77.  Plaintiff reasonably and justifiably relied upon the aforesaid misrepresentations to its detriment.

76.78.  By reason of the foregoing, plaintiff has been damaged.

77.79.  Cross River is entitled to judgment against defendants, jointly and severally, for return of $1,701,399.47 in PPP loan funds, interest on the PPP loan funds for the duration that they remained with 3 Bea's and/or Connie Stewart, for reasonable costs and expenses incurred in this action, including attorneys' fees and costs, for pre-judgment interest, and for such other damages and relief as the Court may deem just and proper.

**SEVENTH CAUSE OF ACTION**
**(Fraudulent Conveyance)**

79.     Cross River Bank repeats, realleges, and incorporates by reference the foregoing allegations as though fully set forth herein.

80.     On or about September 25, 2020, Connie Stewart purchased real property located at 13500 Danielle Circle, Brandywine, Maryland 20613 (the "Brandywine House").

81.     The purchase was made approximately four months after 3 Bea's received the PPP loan funds.

82.     Upon information and belief, Connie Stewart purchased the Brandywine House with funds originating from the aforesaid PPP funds issued to 3 Bea's by Cross River.

83.     On or about December 4, 2020, approximately two months after purchase, Connie Stewart conveyed the Brandywine House to Burton Sherbert and David Stewart for no consideration.

84.     Upon information and belief, based upon information provided on a recordation tax exemption form attached to that certain Grant Deed recorded in Book 45043 at Page 178 among the land records of Prince George's County, Maryland, Burton Sherbert and David Stewart are Connie Stewart's sons.

85. On or about August 30, 2021, Burton Sherbert and David Stewart conveyed the Brandywine House to David Stewart and Connie Stewart for no consideration.

86. The above-referenced series of conveyances of the Brandywine House involving Connie Stewart and her sons, which were made by and among family members for no consideration, and which resulted in Connie Stewart owning only a partial interest in the Brandywine House (despite originally owning a full interest) were made with the intent to hinder, delay, and defraud Plaintiff, a creditor of Connie Stewart and her business 3 Bea's

87. Cross River is entitled to judgment against defendants due to the fraudulently conveyed interest in the Brandywine House for any and all remedies available under the Maryland Uniform Fraudulent Conveyance Act, Md. Commercial Law Code Ann. § 15-201, et seq., including, but not limited to, an order restraining Connie Stewart and any other purported owners from disposing, selling, conveying, or transferring in any way the Brandywine House pending the resolution of this case, an order setting aside all conveyance(s) and/or annulling all obligation(s), if any, of or imposed upon the Brandywine House since it was obtained by Connie Stewart on or about September 25, 2020, as well as any subsequent conveyance(s) and/or obligation(s), and the imposition of a constructive trust in favor of plaintiff with respect to the Brandywine House, and entering any order which the circumstances of the case require.

**WHEREFORE**, Cross River demands judgment ~~against 3 Bea's and Connie Stewart~~:

A. Ordering 3 Bea's and Connie Stewart to return to Cross River the PPP loan funds procured totaling $1,701,399.47;

B. Ordering 3 Bea's and Connie Stewart to pay interest on the PPP loan funds wrongfully obtained for the duration that they remained with 3 Bea's and/or Connie Stewart;

C. Ordering 3 Bea's and Connie Stewart to pay the Note amount of $1,706,711 less

the $4,717.53 recovered from Bank of America, plus one (1) percent interest;

    D.     Ordering 3 Bea's and Connie Stewart to pay any and all late charges and related fees in accord with the subject loan documents;

    E.     Setting aside all conveyances of any interest in the Brandywine House;

    F.     Imposing a constructive trust upon the Brandywine House;

    G.     Imposing an equitable lien upon the Brandywine House;

    H.     Restraining Connie Stewart and any other purported owners from disposing of the Brandywine House;

    I.     Setting aside the convenyance(s) of the Brandywine House and/or annulling the obligation(s) associates with the Brandywine House since it was obtained by Connie Stewart on or about September 25, 2020;

    J.     Ordering such other remedies available under the Maryland Uniform Fraudulent Conveyance Act as the Court may deem just and proper;

    ~~E.~~K.    Awarding reasonable costs and expenses incurred in this action, including reasonable attorneys' fees and costs;

    ~~F.~~L.    Awarding pre-judgment interest;

    ~~G.~~M.    Awarding compensatory damages;

    ~~H.~~N.    Awarding any other applicable consequential damages; and

    ~~I.~~O.     Awarding such other relief as the Court may deem just and proper.

Dated:   ~~December 17, 2021~~January 27, 2022                    Respectfully submitted,


                                          /s/
                                          Blake W. Frieman, MD. Fed. No. 20959
                                          Bean, Kinney & Korman, P.C.
                                          2311 Wilson Blvd., Suite 500

Arlington, VA 22201
Tel: 703.525.4000
Fax: 703.525.2207
bfrieman@beankinney.com

JONATHAN J. LERNER, ESQ.
*Pro Hac Vice* ~~Application to be Submitted~~
Starr, Gern, Davison & Rubin, P.C.
105 Eisenhower Parkway, Suite 401
Roseland, NJ 07068-1640
Tel: 973.403.9200
Fax: 973.364.1403
JLerner@starrgern.com

*ATTORNEYS FOR CROSS RIVER BANK*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of January, 2022, I electronically filed the foregoing using the CM/ECF system, thus causing an electronic copy to be served upon all registered users in this case.

In addition, I have mailed a copy of the foregoing via first-class mail, postage prepaid, to the following counsel who has indicated they have been retained by the Defendants in this case:

Brent M .Ahalt
McNamee Hosea
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
bahalt@mhlawyers.com
*Counsel for Defendants*

/s/
Blake W. Frieman

17