**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| |
|---|
| CROSS RIVER BANK, |
| |
|      Plaintiff, |
|   v. |
| |
| 3 BEA'S ASSISTED LIVING LLC, a |
| Maryland Limited Liability Company, a/k/a |
| THREE BEA'S ASSISTED LIVING, |
| CONNIE STEWART, and |
| DAVID STEWART JR. |
| |
|      Defendants. |

Case No.   8:21-cv-03210-TJS

**PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS**
**IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Plaintiff Cross River Bank ("Cross River") respectfully submits, pursuant to Fed. R. Civ. P. 56 and Loc. Civ. R. 56.1, the following statement of material facts.

1.   Cross River is a New Jersey business entity having its principal place of business at 400 Kelby Street, 14th Floor, Fort Lee, New Jersey 07024.   See Affidavit of Counsel ("Counsel Aff."), **Ex. 1** Amended Complaint, ¶ 1.

2.   3 Bea's Assisted Living LLC ("3 Bea's") is a Maryland limited liability company having its principal place of business at 544 Barnacle Lane, Lusby, Maryland 20657.   See Counsel Aff., **Ex. 1**, Amended Complaint, ¶ 2, and **Ex. 2**. Answer to Amended Complaint, ¶ 2.

3.   Connie Stewart, residing in Brandywine, Maryland, is principal, owner, officer, managing member, and registered agent for 3 Bea's.   See Counsel Aff., **Ex. 1**, Amended Complaint, ¶ 3, and **Ex. 2**, Answer to Amended Complaint, ¶ 3.

4.      David Stewart, Jr. residing in Brandywine, Maryland, is the son of Connie Stewart and, as further described herein, is a transferee of the aforesaid property conveyed by Connie Stewart.  See Counsel Aff., **Ex. 1**, Amended Complaint, ¶ 4, and **Ex. 2**, Answer to Amended Complaint, ¶ 4.

5.      On or about April 23, 2020, defendant Connie Stewart on behalf of 3 Bea's submitted an online application for a Paycheck Protection Program ("PPP") loan from Cross River and sought from Cross River an improper PPP loan amount of $1,706,117.   At the beginning of the application the loan amount was stated to be $20,680 based on the monthly payroll of $8,272 for a total of 8 employees, but elsewhere in several places the amount was misrepresented to be $1,706,117.  See Affidavit of Cross River ("Cross River Aff."), **Ex 1**, Loan Application/Loan Documents, Borrower Application Form, p. 1, U.S. Small Business Administration Settlement Sheet ("Settlement Sheet"), p. 2, and U.S. Small Business Administration Note ("Note"), pp. 1 and 6.

6.       Connie Stewart admits she submitted an online application on behalf of 3 Bea's. See Counsel Aff., **Ex. 2**, Answer to Amended Complaint, ¶ 12.

7.      The maximum PPP loan amount 3 Bea's was eligible for was $20,680, based on 3 Bea's stated average monthly payroll of $8,272.   See Cross River Aff., **Ex 1**, Loan Application/Loan Documents, Borrower Application Form, p. 1,

8.      Connie Stewart electronically signed multiple certifications on the Loan Application/Loan Documents.  See Cross River Aff., **Ex. 1**, Loan Application/Loan Documents.

9.      On May 5, 2020, Connie Stewart certified on the Borrower Application Form, among other things, that the average monthly payroll of the business was $8,272; that the business had eight (8) employees; that the loan amount requested was $20,680; that the business was in

2

operation on February 15, 2020 and had employees for whom it paid salaries and payroll taxes or paid independent contractors, as reported on Form(s) 1099-MISC; that the loaned funds would be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments, as specified under the PPP Rule; that she understood that if the funds were knowingly used for unauthorized purposes, the federal government could hold her legally liable, including for charges of fraud; and that the information provided in the application and in all supporting documents and forms was true and accurate in all material respects.  <u>See</u> Cross River Aff., **Ex 1**, Loan Application/Loan Documents, Borrower Application Form, pp. 1-2.

10.     Connie Stewart admits she signed the Borrower Application Form.  <u>See</u> Counsel Aff., **Ex. 1**, Amended Complaint, ¶ 14, **Ex 2**, Answer to Amended Complaint, ¶ 14, and **Ex. 3**, Connie Stewart's Answers to Cross River Bank's Interrogatories, Ans. No. 16.

11.     On May 5, 2020, Connie Stewart also certified on the Resolution to Borrow that she is an officer of 3 Bea's and that the borrower is a duly formed entity which is, and at all times was, duly organized, validly existing and in good standing under the laws of the State of its organization.  She also certified as president, manager or managing member of the borrower that she was duly elected, appointed, or employed by or for the borrower, and occupied the position set opposite her name, and is authorized to enter into any agreements of any nature with lender, and those agreements will bind the borrower, including to borrow money and execute notes.  <u>See</u> Cross River Aff., **Ex. 1**., Loan Application/Loan Documents, Resolution to Borrow, pp. 1-2.

12.     On the Resolution to Borrow, the Settlement Sheet, and the Note, Connie Stewart falsely certified that 3 Bea's was eligible for a PPP loan in the amount of $1,706,117.  <u>See</u> Cross River Aff., **Ex. 1**, Loan Application/Loan Documents, Resolution to Borrow, pp. 1-2 (where she initialed and certified that 3 Bea's was eligible for a PPP loan of $1,706,117); Settlement Sheet, p.

2 (where she certified that the Note amount was $1,706,117); and Note, p. 6 (which she executed in the amount of $1,706,117).

13.     Connie Stewart and 3 Bea's admit that they signed the Resolution to Borrow, the Settlement Sheet, and the Note.   See Counsel Aff., **Ex. 1**, Amended Complaint, ¶¶ 15, 17 and 18, **Ex. 2**, Answer to Amended Complaint, ¶¶ 15, 17 and 18, and **Ex. 3**, Connie Stewart's Answers to Cross River Bank's Interrogatories, Ans. Nos. 17, 19 and 20.

14.     On May 5, 2020, Connie Stewart signed the Note immediately below the words "Three Bea's Assisted Living, Borrower" and below a sentence which reads: "BORROWER'S NAME(S) AND SIGNATURE(S): By signing below, each individual or entity becomes obligated under this Note as Borrower." Among numerous provisions contained in the Note is one which states "All individuals and entities signing this Note are jointly and severally liable."   The Note set forth the amount of the loan as $1,706,117, the date of the Note as April 30, 2020, the SBA Loan Number as 7535127309, the SBA Loan Name as Three Bea's Assisted Living, the lender as Cross River, and the interest rate as one (1) percent per annum.   The first numbered paragraph of the Note, titled "Promise to Pay," states: "[i]n return for the Loan, Borrower promises to pay to the order of Lender the amount of one million, seven hundred six thousand, one hundred seventeen Dollars, interest on the unpaid principal balance, and all other amounts required by this Note." See Cross River Aff., **Ex. 1**, Loan Application/Loan Documents, Note, pp. 1, 2, 5 and 6.

15.     In addition, the Note required the borrower to make payments of principal and interest following a six-month period of payment deferral consisting of eighteen (18) monthly consecutive principal and interest payments, beginning seven months from the date of initial disbursement, with interest at a rate of one (1) percent per annum payable to Cross River, provided for late fees, and provided for payment of counsel fees and costs.   See Cross River Aff., **Ex. 1**,

4

Loan Application/Loan Documents, Note, pp. 2-5.

16.     The Note states that one of many events of default is "if Borrower does not make a payment when due under this Note. . . "  See Cross River Aff., **Ex. 1**, Loan Application/Loan Documents, Note, p. 3.

17.     The Note states that another of many events of default is "if Borrower or Operating Company makes or anyone acting on their behalf makes, a materially false or misleading representation to Lender or SBA. . ."  See Cross River Aff., **Ex. 1**, Loan Application/Loan Documents, Note, p. 3.

18.     The Note states that both Connie Stewart and 3 Bea's are jointly and severally liable.  See Cross River Aff., **Ex. 1**, Loan Application/Loan Documents, Note, p. 5.

19.     After 3 Bea's and Connie Stewart submitted the fully executed loan documents on or about May 5, 2020, on or about May 7, 2020, Cross River funded the PPP loan by wire to 3 Bea's Bank of America bank account in the amount of $1,706,117.   See Cross River Aff., **Ex. 1**, Loan Application/Loan Documents, Borrower Application Form, Resolution to Borrow, Settlement Sheet, Note, Authorization to Release Information, and Counsel Aff., and **Ex. 4**, relevant portion of 3 Bea's Assisted Living, LLC account x:1025 May 2020 bank statement.

20.     Connie Stewart and 3 Bea's admit that Cross River funded the loan by wire in the amount of $1,706,117.   See Counsel Aff., **Ex. 1**, Amended Complaint, ¶¶ 23 and 34, and **Ex. 2**, Answer to Amended Complaint, ¶¶ 23 and 34.

21.     Despite demands for return of the PPP loan funds, 3 Bea's and Connie Stewart have failed and refused to return any of the funds.   See Counsel Aff., **Ex. 1**, Amended Complaint, ¶ 41, **Ex. 2**, Answer to Amended Complaint, ¶ 41, and **Ex. 3**, Connie Stewart's Answers to Cross River Bank's Interrogatories, Ans. No. 13.

22.     Connie Stewart admits that she has failed to return the loan funds.   See Counsel Aff., **Ex. 2**, Answer to Amended Complaint, ¶ 41, and **Ex. 3**, Connie Stewart's Answers to Cross River Bank's Interrogatories, Ans. No. 13.

23.     Connie Stewart and 3 Bea's have failed to make any payments pursuant to the Note. See Counsel Aff., **Ex. 1**, Amended Complaint, ¶ 39, and **Ex. 2**, Answer to Amended Complaint, ¶ 39.

24.     Connie Stewart and 3 Bea's admit they have failed to make any payment pursuant to the Note.   See Counsel Aff., **Ex. 2**, Answer to Amended Complaint, ¶ 39.

25.     Connie Stewart and 3 Bea's are in default pursuant to the Note for failing to make any payments.   See Counsel Aff., **Ex. 1**, Amended Complaint, ¶¶ 29 and 37, and Cross River Aff., **Ex. 1**, Loan Application/Loan Documents, Note, p. 3.

26.     Connie Stewart and 3 Bea's are in default pursuant to the Note for making false and misleading representations through certifications made on the Resolution to Borrow, Settlement Sheet, and Note that 3 Bea's was eligible for a loan in the amount of $1,706,117.   See Counsel Aff., **Ex. 1**, Amended Complaint, ¶¶ 27 and 36, and Cross River Aff., **Ex. 1**, Loan Application/Loan Documents, Note, p. 3.

27.     On or about July 16, 2020, Cross River recovered only $4,717.53 from 3 Bea's account at Bank of America.   See Counsel Aff., **Ex. 1**, Amended Complaint, ¶¶ 25 and 39, and Cross River Aff., **Ex. 2**, Indemnification Agreement issued to Bank of America.

28.     In accordance with the terms of the Note, Cross River's current damages are in the amount of $1,829,358.20. [1]

---

[1] Added to these damages must be an award of reasonable counsel fees and costs, pre-and post-judgment interest and any other special damages or equitable remedies that may be awarded.   In addition, interest and penalties (late fees) continue to accrue. Reimbursement for reasonable attorneys' fees and costs are expressly required under the Note.   See Cross River Aff., Ex. 1, Loan Application/Loan Documents, Note, p. 5.

|   | $1,706,117.00 | (Amount funded) |
|---|---|---|
| + | $    42,652.92 | (Interest at 1% from 4/30/20-10/31/22) |
|   | $    85,305.85 | (5% Late Fee) |
|   | $1,834,075.70 | (Amount Due/Damages) |
| - | $     4,717.53 | (Amount recalled from BofA in July 2020) |
|   | $1,829,358.20 | (Amount Due/Damages after deduction) |

See Cross River Aff., Ex 1.

28.     On May 7, 2020, the date of the wiring of the funds from Cross River, $1,500,000 was either transferred to non-3 Bea's Assisted Living, LLC bank accounts or withdrawn in the form of cashier's checks payable to Connie Stewart.   See Counsel Aff., **Ex. 4**, relevant portion of 3 Bea's Assisted Living LLC account x:1025 May 2020 bank statement, Cashier's Check No. 1151807631 in the amount of $250,000 payable to Connie B. Stewart dated May 7, 2020 purchased by 3 Bea's Assisted Living, LLC with reference to its account x1025, and Cashier's Check No. 1151807630 in the amount of $150,000 payable to Connie B. Stewart dated May 7, 2020 purchased by 3 Bea's Assisted Living, LLC with reference to its account x1025, and the information referenced in the paragraphs below.

29.     On May 7, 2020, $250,000 was transferred from 3 Bea's Assisted Living, LLC account x1025 to Connie Stewart's personal bank account x1125.   See Counsel Aff., **Ex. 4**, relevant portion of 3 Bea's Assisted Living, LLC account x:1025 May 2020 bank statement, and relevant portion of Connie Stewart account x1125 March 11, 2020 – May 7, 2020 bank statement.

30.     On May 7, 2020, $750,000 was transferred from 3 Bea's Assisted Living LLC's account x1025 to another Connie Stewart entity, Diane's Plea, Cure Cancer Foundation Inc.'s ("Diane's Plea") account x1091 in three separate transfers of $250,000, $400,000, and $100,000. See Counsel Aff., **Ex. 4**, relevant portion of 3 Bea's Assisted Living LLC account x:1025 May 2020 bank statement, and relevant portion of Diane's Plea account x0791 May 2020 bank statement.

31.     Connie B. Stewart is listed as Diane's Plea's resident agent and her former home address appears on Diane's Plea's bank statements.   See Counsel Aff., **Ex. 4**, relevant portion of Diane's Plea account x0791 May 2020 bank statement, and **Ex. 8**, Diane's Plea Entity Status Report.

32.     On May 7, 2020, $100,000 was transferred from 3 Bea's primary bank account x1025 to her son Burton S. Sherbert's bank account x4724.   See Counsel Aff., **Ex. 4**, relevant portion of 3 Bea's Assisted Living, LLC account x:1025 May 2020 bank statement, and relevant portion of Burton Sherbert's account x4724 April 11, 2020 - May 8, 2020 bank statement.

33.     Four days later, on May 11, 2020, $241,555.25 was transferred from 3 Bea's Assisted Living LLC account x1025 to a new bank account x9366 that appears to have been opened with those funds in the name of "Three Bea's Incorporated" instead of borrower 3 Bea's Assisted Living LLC.   See Counsel Aff., **Ex. 4**, relevant portion of 3 Bea's Assisted Living LLC account x:1025 May 2020 bank statement, and **Ex. 9**, relevant portion of Three Bea's Incorporated account x9366 May 11, 2020 - May 31, 2020 bank statement.

34.     A new entity, Three Bea's Incorporated, was incorporated on the same day as the deposits, May 11, 2020, with Connie Stewart listed as sole incorporator and as the resident agent. See Counsel Aff., **Ex. 10**, 3 Bea's Entity Status Report and Formation Document.

35.     Also on May 11, 2020, one of the two cashier's checks payable to Connie B. Stewart in the amount of $150,000 was deposited to open a second new bank account x9379 in the name of the new entity, Three Bea's Incorporated.   See Counsel Aff., **Ex. 4,** Cashier's Check No. 1151807630 in the amount of $150,000 payable to Connie B. Stewart dated May 7, 2020 purchased by 3 Bea's Assisted Living, LLC with reference to its account x1025,   Deposit Ticket showing a $150,000 deposit on May 11, 2020 into Three Bea's Incorporated account x9379, indorsed

Cashier's Check No. 1151807630 in the amount of $150,000, and **Ex. 9**, relevant portion of Three

Bea's Incorporated account x9379 May 11, 2020 – May 31, 2020 bank statement.

36.     Also on May 11, 2020 a third Three Bea's Incorporated checking account x3268

was opened with a $750,000 "Counter Credit" from cashier's checks payable to Connie Stewart.

See Counsel Aff., **Ex. 4**, relevant portion of Diane's Plea account x0781 May 2020 bank statement,

**Ex. 9**, Deposit Credit showing a $750,000 deposit on May 11, 2020 into Three Bea's Incorporated

account x3268, indorsed Cashier's Check No. 1151807632 in the amount of $250,000 payable to

Connie Stewart dated May 8, 2020 purchased by Diane's Plea with reference to its account x0791,

restricted view check in the amount of $250,000 provided by Bank of America as part of the May

11, 2020 deposits into Three Bea's Incorporated account x3268, and relevant portion of Three

Bea's Incorporated account x3268 May 11, 2020 – May 31, 2020 bank statement.

37.     Approximately four months after the Cross River funds were provided, on or about

September 25, 2020, Connie Stewart purchased real property located in Brandywine, Maryland

(the "Brandywine Property").   See Counsel Aff., **Ex. 1**, Amended Complaint, ¶¶ 80 and 81, **Ex. 2**,

Answer to Amended Complaint, ¶¶ 80 and 81, **Ex. 5**, Deed for Brandywine Property dated

September 25, 2020 and related purchase documents, and **Ex. 9**, relevant portion of Three Bea's

Incorporated x3268 September 2020 bank statement.

38.     Connie Stewart and 3 Bea's admit purchasing the Brandywine Property with funds

originating from the funds issued to 3 Bea's by Cross River.   See Counsel Aff., **Ex. 1**; Amended

Complaint, ¶ 82, **Ex. 2**, Answer, ¶ 82, and **Ex. 3**, Connie Stewart's Answers to Cross River Bank's

Interrogatories, Ans. No. 5.

39.     On or about December 4, 2020, approximately two months after purchase, Connie

Stewart conveyed the Brandywine Property to her sons, Burton Sherbert and David Stewart, Jr.,

for no consideration.   See Counsel Aff., **Ex. 1**, Amended Complaint, ¶ 83, **Ex. 2**, Answer to Amended Complaint, ¶ 83, and **Ex. 6**, December 4, 2020 Grant Deed.

      40.     On or about August 30, 2021, Burton Sherbert and David Stewart, Jr. conveyed the Brandywine Property to David Stewart, Jr. and Connie Stewart for no consideration.   See Counsel Aff., **Ex. 1**, Amended Complaint, ¶ 85, **Ex. 2**, Answer to Amended Complaint, ¶ 85, and **Ex. 7**, August 30, 2021 Grant Deed.

Dated:   November 11, 2022               Respectfully submitted,

                                              /s/   Blake W. Frieman
                                             Blake W. Frieman, MD. Fed. No. 20959
                                             Bean, Kinney & Korman, P.C.
                                             2311 Wilson Blvd., Suite 500
                                             Arlington, VA 22201
                                             Tel: 703.525.4000
                                             Fax: 703.525.2207
                                             bfrieman@beankinney.com

                                            /s/ *Jonathan J. Lerner*
                                             JONATHAN J. LERNER, ESQ.
                                             *Pro Hac Vice*
                                             Starr, Gern, Davison & Rubin, P.C.
                                             105 Eisenhower Parkway, Suite 401
                                             Roseland, NJ 07068-1640
                                             Tel: 973.403.9200
                                             Fax: 973.364.1403
                                             JLerner@starrgern.com

                                           *ATTORNEYS FOR CROSS RIVER BANK*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 11, 2022, I electronically filed the foregoing using the CM/ECF system, thus causing an electronic copy to be served upon all registered users in this case.

  /s/   Jonathan J. Lerner
Jonathan J. Lerner
