# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Cross River Bank, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 88:21-cv-03210 |
| 3 Bea's Assisted Living, LLC, *et al.* | )<br>)<br>) |
| Defendants. | )<br>) |

## ANSWER TO AMENDED COMPLAINT

3 Bea's Assisted Living, LLC ("3 Bea's") and Connie Stewart ("Ms. Stewart") (jointly, "Defendants"), by and through their undersigned attorneys, answer the Amended Complaint filed by the Plaintiffs, Cross River Bank, as follows:

### Parties

1. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 1 of the Complaint and, as such, those allegations are denied.

2. Admitted.

3. Admitted.

4. Admitted.

### Jurisdiction and Venue

5. Paragraph 5 contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

6. Paragraph 6 contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

7. Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## Statement of Facts

8. Defendants are generally familiar with PPP loans; however, Defendants are without sufficient knowledge or information to admit or deny the specific allegations contained in Paragraph 8 of the Amended Complaint and, as such, those allegations are denied.

9. Defendants are generally familiar with PPP loans; however, Defendants are without sufficient knowledge or information to admit or deny the specific allegations contained in Paragraph 9 of the Amended Complaint and, as such, those allegations are denied.

10. Defendants are generally familiar with PPP loans; however, Defendants are without sufficient knowledge or information to admit or deny the specific allegations contained in Paragraph 10 of the Amended Complaint and, as such, those allegations are denied.

11. Defendants are generally familiar with PPP loans; however, Defendants are without sufficient knowledge or information to admit or deny the specific allegations contained in Paragraph 11 of the Amended Complaint and, as such, those allegations are denied.

12. With regards to the allegations in Paragraph 12, Defendants admit that Ms. Stewart submitted an online application for a PPP loan on behalf of 3 Bea's. All other allegations contained in Paragraph 12 of the Amended Complaint are denied.

13. Defendants are generally familiar with PPP loans; however, Defendants are without sufficient knowledge or information to admit or deny the specific allegations contained in Paragraph 13 of the Amended Complaint and, as such, those allegations are denied.

14. Defendants admit that Ms. Stewart signed a Borrower Application Form. Defendants further admit that the documents referenced in Paragraph 14 of the Amended

Complaint state what they say, but Defendants deny any other characterization pertaining to those written documents.

15. Defendants admit that Ms. Stewart signed a Resolution to Borrow. Defendants further admit that the documents referenced in Paragraph 15 of the Amended Complaint state what they say, but Defendants deny any other characterization pertaining to those written documents.

16. Defendants deny the allegations contained in Paragraph 16 of the Amended Complaint.

17. Defendants admit that Ms. Stewart signed a U.S. Small Business Settlement Sheet. Defendants further admit that the documents referenced in Paragraph 17 of the Amended Complaint state what they say, but Defendants deny any other characterization pertaining to those written documents. Defendants specifically deny that Ms. Stewart certified that the note amount was $1,706,117.

18. Defendants admit that Ms. Stewart signed a U.S. Small Business Administration Note. Defendants further admit that the documents referenced in Paragraph 18 of the Amended Complaint state what they say, but Defendants deny any other characterization pertaining to those written documents.

19. Defendants admit that the documents referenced in Paragraph 19 of the Amended Complaint state what they say, but Defendants deny any other characterization pertaining to those written documents.

20. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 20 of the Amended Complaint and, as such, those allegations are denied.

21. Defendants deny the allegations contained in Paragraph 21 of the Amended Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the Amended Complaint.

23. Defendants admit that Cross River funded a PPP loan by wire to 3 Bea's Bank of America bank account in the amount of $1,706,711. Defendants deny any further allegations in paragraph 23.

24. Defendants deny the allegations contained in Paragraph 24 of the Amended Complaint.

25. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 25 of the Amended Complaint and, as such, those allegations are denied.

26. Defendants admit that the documents referenced in Paragraph 26 of the Amended Complaint state what they say, but Defendants deny any other characterization pertaining to those written documents.

27. Defendants deny the allegations contained in Paragraph 27 of the Amended Complaint.

28. Defendants admit that the documents referenced in Paragraph 28 of the Amended Complaint state what they say, but Defendants deny any other characterization pertaining to those written documents. Defendants further deny any other allegations in Paragraph 28 of the Amended Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Amended Complaint.

30. Defendants admit that they have not applied for loan forgiveness. All other allegations contained in Paragraph 30 of the Amended Complaint are denied.

31. Defendants admit that Cross River has demanded payment. Defendants deny the remainder of paragraph 31.

32. Defendants admit that the documents referenced in Paragraph 32 of the Amended Complaint state what they say, but Defendants deny any other characterization pertaining to those written documents.

### First Cause of Action
### (Breach of Contract)

33. Defendants adopt and incorporate by reference their responses to Paragraphs 1-32 of the Amended Complaint as though fully set forth herein.

34. Defendants admit that Cross River funded a PPP loan to 3 Bea's in the amount of $1,706,711. Defendants deny the remainder of paragraph 34.

35. Defendants admit that the documents referenced in Paragraph 35 of the Amended Complaint state what they say, but Defendants deny any other characterization pertaining to those written documents.

36. Defendants deny the allegations contained in Paragraph 36 of the Amended Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of the Amended Complaint.

38. Paragraph 38 contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

39. Defendants admit that they have not made all payments under the Note. All other allegations contained in Paragraph 39 of the Amended Complaint are denied.

40. Defendants admit the allegations in paragraph 40 of the Amended Complaint.

41. Defendants admit the allegations in paragraph 41 of the Amended Complaint.

42. Defendants deny the allegations in paragraph 42 of the Amended Complaint.

43. Paragraph 43 contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## Second Cause of Action
### (Money Had and Received)

44. Defendants adopt and incorporate by reference their responses to Paragraphs 1-43.

45. Defendants admit that 3 Bea's received $1,706,117 in PPP loan funds. All other allegations contained in Paragraph 45 of denied.

46. Paragraph 46 contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

47. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 47 of the Amended Complaint and, as such, those allegations are denied.

48. Defendants deny the allegations contained in Paragraph 48 of the Amended Complaint.

49. Paragraph 49 contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## Third Cause of Action
### (Unjust Enrichment)

50. Defendants adopt and incorporate by reference their responses to Paragraphs 1-49.

51. The Defendants deny the allegations contained in Paragraph 51 of the Amended Complaint.

52. Paragraph 52 contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

53. Paragraph 53 contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

54. Paragraph 54 contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## Fourth Cause of Action
### (Conversion)

55. Defendants adopt and incorporate by reference their responses to Paragraphs 1-54.

56. Paragraph 56 contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

57. Paragraph 57 contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

58. Defendants deny the allegations contained in Paragraph 58 of the Amended Complaint.

59. Paragraph 59 contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## Fifth Cause of Action
### (Fraud/Misrepresentation)

60. Defendants adopt and incorporate by reference their responses to Paragraphs 1-59.

61. Defendants deny the allegations contained in Paragraph 61 of the Amended Complaint.

62. Defendants deny the allegations contained in Paragraph 62 of the Amended Complaint.

63. Defendants deny the allegations contained in Paragraph 63 of the Amended Complaint.

64. Defendants deny the allegations contained in Paragraph 64 of the Amended Complaint.

65. Defendants deny the allegations contained in Paragraph 65 of the Amended Complaint.

66. Defendants deny the allegations contained in Paragraph 66 of the Amended Complaint.

67. Defendants deny the allegations contained in Paragraph 67 of the Amended Complaint.

68. Defendants admit that the documents referenced in Paragraph 68 of the Amended Complaint state what they say, but Defendants deny any other characterization pertaining to those written documents.

69. Defendants deny the allegations contained in Paragraph 69 of the Amended Complaint.

70. Paragraph 70 contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

71. Paragraph 71 contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

72. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 72 of the Amended Complaint and, as such, those allegations are denied.

73. Paragraph 73 contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

### Sixth Cause of Action
### (Negligent Misrepresentation)

74. Defendants adopt and incorporate by reference their responses to Paragraphs 1-73.

75. Defendants deny the allegations contained in Paragraph 75 of the Amended Complaint.

76. Defendants deny the allegations contained in Paragraph 76 of the Amended Complaint.

77. Defendants deny the allegations contained in Paragraph 77 of the Amended Complaint.

78. Paragraph 78 contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

79. Paragraph 79 contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

### Seventh Cause of Action
### (Fraudulent Conveyance)

79. Defendants adopt and incorporate by reference their responses to Paragraphs 1-79.

80. Defendants admit that Ms. Stewart on behalf of 3 Bea's purchased the Brandywine House. All other allegations in Paragraph 80 of the Amended Complaint are denied.

81. Defendants admit the allegations in paragraph 81 of the Amended Complaint.

82. Defendants admit that Ms. Stewart on behalf of 3 Bea's purchased the Brandywine House with funds originating from the PPP funds. All other allegations in Paragraph 82 of the Amended Complaint are denied.

83. Defendants admit that Ms. Stewart conveyed the property located at 13500 Danielle Circle, Brandywine, Maryland 20613 ("Brandywine House") to Burton Sherbert and David Stewart. All other allegations contained in Paragraph 83 of the Amended Complaint are denied.

84. Defendants admit that the documents referenced in Paragraph 84 of the Amended Complaint state what they say, but Defendants deny any other characterization pertaining to those written documents.

85. Defendants admit that the Brandywine House was transferred from Burton Sherbert and David Stewart to David Stewart and Ms. Stewart. The other allegations contained in Paragraph 85 of the Amended Complaint are denied.

86. Defendants deny the allegations contained in Paragraph 86 of the Amended Complaint.

87. Paragraph 87 contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## AFFIRMATIVE AND NEGATIVE DEFENSES

88. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

89. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

90. The Complaint should be dismissed, in whole or in part, under the doctrine of accord and satisfaction.

91. Plaintiff's claims are barred, in whole or in part, due to the doctrines of estoppel, laches, waiver, and/or unclean hands.

92. Plaintiff's claims for potential recovery are limited or barred to the extent that they have failed to mitigate their damages.

93. Plaintiff's claim are barred, as Plaintiff consented to Defendants taking the entirety of the PPP Loan.

94. Plaintiff's claims are barred due to Plaintiff's contributory negligence.

95. Defendants employed Charles Tucker of the Tucker Moore Law Group, to advise them as to the PPP loan funds, as Defendants were concerned with the amount loaned by Plaintiff. Mr. Tucker advised Defendants that most of the money would be forgiven, that Defendants did not need to return the money, and that the money could be used to expand the business. Upon advice from counsel, Defendants did not return the PPP loan to Plaintiff.

96. Defendants reserve the right to amend their Answer, affirmative defenses and negative defenses as may later become available or apparent to Defendants.

WHEREFORE, the Defendants respectfully requests that this Honorable Court dismiss Plaintiff's claims with prejudice, award Defendants their costs and reasonable attorneys' fees incurred in this lawsuit, and allow Defendants such other and further relief as this Honorable Court deems just and proper.

Respectfully Submitted,

McNAMEE HOSEA, P.A.

By: /s/ Brent M. Ahalt
Brent M. Ahalt
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770
(301) 441-2420
(301) 982-9450 (fax)
bahalt@mhlawyers.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of February 2022, I electronically filed the foregoing Answer with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Blake W. Frieman
Bean, Kinney & Korman, PC
2311 Wilson Blvd., Suite 500
Arlington, VA 22201
bfrieman@beankinney.com

Jonathan J. Lerner
105 Eisenhower Parkway, Suite 401
Roseland, NJ 07068
jlerner@starrgern.com

/s/ Brent M. Ahalt
Brent M. Ahalt