IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Cross River Bank, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 88:21-cv-03210 |
| ) | |
| 3 Bea's Assisted Living, LLC, *et al.* ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendants, by and through their attorneys signed below, and pursuant to Federal Rule of Civil Procedure 56, hereby file this Memorandum of Law in support of their Opposition to the Plaintiff's Motion for Summary Judgment.

**INTRODUCTION**

This case primarily concerns the negligence of Plaintiff Cross River Bank ("Cross River") in its allocation of a Payroll Protection Program ("PPP") loan to Defendant 3 Bea's Assisted Living, LLC ("3 Bea's"). Cross River's own paperwork shows that 3 Bea's truthfully and accurately applied for a PPP loan based on a payroll of $8,272 and 8 employees. Somehow, through a series of confusing communications and documents, Cross River thereafter funded 3 Bea's for a loan in the amount of $1,706,117. The paperwork submitted by Cross River is extremely confusing and all reasonable inferences must be drawn in favor of 3 Bea's. Moreover, even after Cross River was questioned about the amount of the loan, Cross River still transferred the funds to 3 Bea's in the amount of $1,706,117 and did not realize its mistake until weeks later. 3 Bea's relied upon Cross River's delay to its detriment. It obtained legal advice as to how to

handle the funds and further relied upon that advice to its detriment. As a result, 3 Bea's is not in possession of the funds to repay Cross River. Thus, while some amount may be determined at trial to be owed to Cross River by 3 Bea's, summary judgment is not appropriate at this time and genuine disputes as to material facts remain.

## STATEMENT OF FACTS

Connie Steward was the owner and manager of 3 Beas Assisted Living Facilities LLC up until October 15, 2021 when that entity was forfeited. (Exhibit 1, Affidavit of Connie Stewart, ¶2). I am currently the owner and president of Three Bea's Incorporated, which was incorporated with the State of Maryland on May 11, 2020. (Exhibit 1, ¶3). 3 Beas Assisted Living Facilities LLC was and Three Bea's Incorporated is in the business of operating an assisted living facility in Southern Maryland. (Exhibit 1, ¶4).

In or about April of 2020, due to the Covid-19 pandemic, Ms. Stewart began researching and inquiring how 3 Bea's could obtain a Paycheck Protection Program ("PPP") loan in order to help see the business through the various government shutdowns. (Exhibit 1, ¶5). The process was very confusing to her and eventually she was solicited by Plaintiff Cross River Bank to submit an application for 3 Bea's to obtain a PPP loan. (Exhibit 1, ¶6). Ms. Stewart relied upon the representatives of Cross River Bank to guide her through the application process. (Exhibit 1, ¶6). She was informed by representatives of Cross River Bank during the process that 3 Bea's would be eligible for loan forgiveness if the funds were used for certain things. (Exhibit 1, ¶7). This encouraged her to continue with the process. *Id.*

At all times during the application process Ms. Stewart submitted truthful information to Cross River Bank. (Exhibit 1, ¶8). She filled in the application and truthfully represented that 3

Bea's had a monthly payroll of $8,272. (Exhibit 1, ¶9; Plaintiff Ex. 1 to Counsel Aff. [Doc 29-5], p. 7). Thus, Ms. Stewart requested that 3 Bea's receive a PPP loan based on that payroll. *Id.*

While she was filling out the paperwork for the loan, Ms. Stewart was on the phone with an employee of Cross River Bank. (Exhibit 1, ¶10). During the application process, Ms. Stewart never inserted the amount of $1,706,117 into the application or any of the paperwork that was submitted to Cross River Bank. (Exhibit 1, ¶11). At all times during the application process, Ms. Stewart thought that she was applying on behalf of 3 Bea's for a PPP loan amount based on a payroll of $8,272. (Exhibit 1, ¶12). She electronically signed all of the documents on behalf of 3 Bea's and did not believe that any of those documents requested a loan in the amount of $1,706,117 when she signed them. (Exhibit 1, ¶13). While she does recall seeing the number 17061176 on some of the documents, she believed that number was $17,061. (Exhibit 1, ¶14; Plaintiff Ex. 1 to Counsel Aff. [Doc 29-5], pp. 11, 15).

The day after Ms. Stewart signed the documents, she contacted the representative of Cross River Bank and asked whether they received the signed documents and asked what the amount of funding would be. (Exhibit 1, ¶15). The representative informed Ms. Stewart that it would be funded in the amount of $1,706,117 and Ms. Stewart was shocked. *Id*. The representative asked Ms. Stewart what the amount of my payroll was and Ms. Stewart told her $8,272 as she had put in the application. *Id.* The representative said that she would look into it and get back to Ms. Stewart as to whether the funding was correct. (Exhibit 1, ¶16). The next day, 3 Bea's received funding in its account of $1,706,117. (Exhibit 1, ¶17). After being notified that Ms. Stewart questions the amount of the funding Cross River, nonetheless, erroneously funded the loan in the amount of $1,706,117.

3

Shortly after receiving the funding, Ms. Stewart retained Charles Tucker, Esquire, in Hyattsville, MD to advise me as to how to handle the PPP funding I received on behalf of 3 Bea's. (Exhibit 1, ¶18). Mr. Tucker informed Ms. Stewart that as long the funds were used the funds for 3 Bea's business, the loan would be forgiven. (Exhibit 1, ¶19). Moreover, Mr. Tucker informed Ms. Stewart that she could expand 3 Bea's business using the PPP funds. *Id.* As a result, Ms. Stewart purchased a house located at 13500 Danielle Circle, Brandywine, MD 20613 in order to expand 3 Bea's business. (Exhibit 1, ¶20). The house is currently titled in Ms. Stewart's name along with her Son, David. *Id.* It is Ms. Stewart's intent to use the house for the business of 3 Bea's once she is licensed to run the business at that location. *Id.*

Late in 2020, as a cancer survivor from years earlier, Ms. Stewart learned that her cancer had returned and began undergoing treatment for a second time. The treatment continues to this day and has greatly weakened Ms. Stewart and slowed down the process of the planned business expansion 3 Bea's. (Exhibit 1, ¶21).

## LEGAL ARGUMENT

### I.  Summary Judgment Standard

A party may move under Rule 56(a) for summary judgment, "identifying each claim . . . or "the part of each claim . . . on which summary judgment is sought." Fed. R. Civ. P. 56(a). Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*; *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. "A fact is material if it 'might affect the outcome of the suit under governing law.'" *Libertarian Party of Va. V. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Anderson*, 477 U.S. at 248).

"Accordingly, 'the existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.'" *Wade v. Baltimore Cnty. Detention Center*, No. GJH-20-1362, 2021 WL 2414939, at *2 (D. Md. June 14, 2021) (quoting *Anderson*, 477 U.S. at 247-48) (emphasis in original).

In the present case, there are material facts that are in genuine dispute which prevent summary judgment from being granted against the Defendants in this matter. First and foremost, Defendants dispute whether the note, as presented in the Cross River's Motion for Summary Judgment, is enforceable due to the inaccurate and inconsistent statements in the documents that 3 Bea's was requested to sign. Second, it is clear from Cross River's own submissions that Defendant 3 Bea's accurately filled in the PPP loan application that was provided by Cross River, and it was Cross River's error that resulted in over funding of 3 Bea's PPP loan. Third, upon receiving the funds in error, 3 Bea's and Ms. Stewart immediately sought legal advice and relied upon the legal advice received to their detriment. Finally, the amount of damages claimed by Cross River is seriously in dispute as 3 Bea's and the other Defendants would not owe any amounts to Cross River but for the errors by Cross River. Thus, Cross River's Motion for Summary Judgment must be denied.

**II.    Cross River is not Entitled to Summary Judgment on its Breach of Contract Claim.**

Cross River begins its motion by arguing that all Defendants are liable for breach of Promissory Note set forth in Exhibit 1 of its Affidavit. Citing *CTI/DC, Inc. v. Selective Ins. Co. of America*, 392 F.3d 114, 123 (4th Cir. 2004), Cross River correctly notes that under Maryland law, "[t]he formation of a contract requires mutual assent (offer and acceptance), an agreement definite in its terms, and sufficient consideration." Cross River fails to acknowledge, however, several things in its own documents that prevent summary judgment on the Note.

5

First, the Note is wholly inconsistent with the application and the notice of approval, which were all apparently docusigned on the same date, April 30, 2020, and are all part of the same exhibit presented by Cross River. (Plaintiff Ex. 1 [Document 29-5]). The application itself applies for a loan in the amount of $20680 based on a payroll of $8272. (Document 29-5, p. 7). The notice of approval, a document prepared and sent by Cross River, states a qualifying payroll amount of 8272 and loan amount of 1706117. There are no commas or decimal points in any of the numbers. On one page the loan amount is stated to be $20680. (Document 29-5, p. 7). On other pages the loan amount is stated to be 1706117. (Document 29-5, pp. 15, 19). Some of the numbers contain dollar signs and some do not. In any event, based upon the banks own documents, there is no evidence of mutual assent. At a minimum, there is a genuine dispute as to whether mutual assent occurred for a loan in the amount of $1,706,117. Drawing all permissible inferences in favor of the Defendants, the documents do not establish an agreement for a loan in that amount.

Second, the documents are not signed by Connie Stewart, individually, or David Stewart at all. While Connie Stewart did sign the very confusing and ambiguous documents, she did so on behalf of "Three Bea's Assisted Living." Ms. Stewart was listed by Cross River as "Primary Contact," "Owner," "Authorized Representative of Applicant," "Officer of Borrower," and "president, manager, or managing member." (Document 29-5, pp. 7, 8, 12, 13). On the signature page of the Note, the Borrower is listed as "Three Bea's Assisted Living," and Ms. Stewart signed on behalf of the entity. (Document 29-5, p. 24). No where in the documents does Ms. Stewart's signature appear in her individual capacity. As such, she cannot be held individually liable. *See, L&H Enterprises, Inc. v. Allied Bldg. Products Corp.*, 88 Md.App. 642 (1991)(overturning grant of summary judgment against individual who had signed in representative capacity). Again, at a minimum, all permissible inferences must be drawn in favor of Ms. Stewart at this stage and

summary judgment is inappropriate. Additionally, as Defendant David Stewart has not signed any of the documents at issue, he also cannot be held liable under the Note.[1]

Ambiguities abound in the documents presented by Cross River. It is clear that the Note is not in accord with the application and that there was no meeting of the minds to form a contract. As a result, summary must be denied as to Cross River's breach of contract claim.

### III. Cross River is not entitled to Summary Judgment on its Unjust Enrichment Claim.

Cross River posits that it is entitled to judgment as a matter of law under the doctrine of unjust enrichment. The doctrine serves to "deprive the defendant of benefits that in equity and good conscience he ought not to keep…" *Hill v. Cross County Settlements, LLC*, 402 Md. 281, 295 (2007). It requires proof of the following:

1. A benefit conferred upon the defendant by the Plaintiff;

2. An appreciation or knowledge by the defendant of the benefit; and

3. The acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value.

*Id.* However, "one who confers a benefit upon another without affording that other the opportunity to reject the benefit, has no equitable claim for relief against the recipient of the benefit in the absence of some special policy." *Id.* at 296 (quoting DOBBS, LAW OF REMEDIES §4.9 (2d ed. 1993).

---

[1] Cross River's Amended Complaint seeks "judgment against defendants, jointly and severally." While it is not clear from the Amended Complaint or Cross River's Motion for Summary Judgment, whether Cross River is seeking summary judgment against Defendant David Stewart, Defendants submit that such judgment would be inappropriate based on the evidence and arguments presented.

In the present case, Cross River has not established the third element of a claim for unjust enrichment. It has not established or set forth any facts to show that it would be inequitable for 3 Bea's to retain the funds that Cross transferred to it.[2] In fact, the opposite is true. Upon 3 Bea's realization that it had received $1,706,117 from Cross River, 3 Bea's immediately sought legal advise as to how it should handle the funds. (Exhibit 1, ¶18). 3 Bea's was told that it could retain the funds and would not have to pay the funds back as long as the funds were spent on its business. (Exhibit 1, ¶19). As a result, 3 Bea's expended the funds on its business. (Exhibit 1, ¶20).

Weighing these facts in equity, and drawing all inferences in favor of the Defendants, the circumstances do not make it inequitable for 3 Bea's to retain the benefit of the funds. Further, the benefit was conferred upon 3 Bea's by Cross River without giving 3 Bea's the chance to reject the benefit. Instead, 3 Bea's was urged by Cross River to accept the benefit. As such, equity does not require return of the funds.

Finally, Cross River makes no effort to establish that Connie Stewart received any individual benefit apart from that received by 3 Bea's. As with its contract claim, there is no unjust enrichment claim against either Connie Stewart or David Stewart, the individual defendants in this matter. As such, Cross River's Motion for Summary Judgment must be denied.

IV.    **Cross River is not Entitled to Summary Judgment on its Money Had and Received Claim.**

Relying upon a theory of fraud or false pretense, Cross River seeks summary judgment on its money had and received claim. Quoting the Maryland Court of Appeals in *Bourgeois v. Live Nation Entertainment, Inc.*, 430 Md. 14 (2013), Cross River sets for the following standard:

---

[2] In its motion, Cross River baldly states "[f]inally, the circumstances make it inequitable for 3 Bea's and Connie Stewart to retain the benefit without return of the money." No facts are cited in support of this statement.

> The action for money had and received is a common count used to bring a restitution claim under the common law writ of assumpsit. We have stated that this count lies whenever the defendant has obtained possession of money which, in equity and good conscience, he ought not to be allowed to retain.

430 Md. at 46 (internal citations omitted).

This claim fails for the same reasons as Cross River's unjust enrichment claim. Cross River does not set forth facts which show it would be inequitable for 3 Bea's to retain the funds. Instead, drawing all inferences in favor of 3 Bea's, the equities favor its retention of the funds. 3 Bea's immediately sought and relied upon legal advice in its use of the funds believing that the loan would ultimately be forgiven. As such, summary judgment is inappropriate against 3 Bea's under this theory. Moreover, as with its other claims, Cross River has not shown a basis for individual liability on this claim. All actions taken by Connie Stewart were taken on behalf of 3 Bea's.

**V.      Cross River is not Entitled to Summary Judgment on its Conversion Claim.**

"A 'conversion' is any distinct act of ownership or dominion exerted by one person over the personal property of another in denial of his right or inconsistent with it." *Allied Inv. Corp. v. Jasen*, 354 Md. 547, 560 (1999). However, "[t]he general rule is that monies are intangible and, therefore, not subject to a claim for conversion." *Id.* at 564. "[I]f a defendant maintains possession of the proceeds in question, but commingles it with other monies, the cash loses its specific identity." *Id.* at 566 (citing *Lawson v. Commonwealth Land Title Ins. Co*, 69 Md.App. 476, 482–83 (1986).

In the present case, Cross River is seeking summary judgment for the conversion of money. By Cross River's own admission, the funds are not segregated. Instead, the money was commingled in 3 Bea's bank account and thereafter transferred and spent on other items. (See Cross River's Statement of Facts ¶¶ 28-36). As such, the money that initially funded 3 Bea's PPP

9

loan is not segregated and cannot be the subject of a conversion claim. Cross River's Motion for Summary Judgment on this claim must be denied.

### VI. Cross River is not Entitled to Summary Judgment on its Fraud Claim.

"To prove an action for civil fraud based on affirmative misrepresentation, the plaintiff must show that (1) the defendant made a false representation to the plaintiff, (2) the falsity of the representation was either known to the defendant or the representation was made with reckless indifference to its truth, (3) the misrepresentation was made for the purpose of defrauding the plaintiff, (4) the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) the plaintiff suffered compensable injury as a result of the misrepresentation." *Hoffman v. Stamper*, 385 Md. 1, 28 (2005). Fraud must be proven by clear and convincing evidence. *Id.* at 16.

Drawing all permissible inferences in favor of the Defendants in this matter, Cross River is very far from proving fraud by clear and convincing evidence. Cross River's own documents are extremely confusing and ambiguous. (Document 29-5). Ms. Stewart relied upon Cross River's representatives when she filled in the loan application on behalf of 3 Bea's. (Exhibit 1, ¶6). All of the information that she submitted to Cross River was, in fact, truthful. (Exhibit 1, ¶¶8-9). She did not insert the number 1,706,117 into the application or any of the paperwork that was submitted to Cross River Bank. (Exhibit 1, ¶11). She accurately reported that 3 Bea's payroll was $8,272. (Exhibit 1, ¶9). There were no misrepresentations by Ms. Stewart or 3 Bea's. Instead, it was Cross River's own mistake that caused it to fund the PPP loan in the amount of $1,706,117.

Cross River cannot prove any of the elements of fraud based upon the factual record set before this Court at the summary judgment stage. Ms. Stewart submitted truthful information. She did not submit false information and Cross River did not rely upon false information to its detriment. As such, summary judgment must be denied on this claim.

**VII.     Cross River is not Entitled to Summary Judgment on its Negligent Misrepresentation Claim.**

A claim of negligent misrepresentation requires the following:

> (1) the defendant, owing a duty of care to the plaintiff, negligently asserts a false statement;
> (2) the defendant intends that his statement will be acted upon by the plaintiff;
> (3) the defendant has knowledge that the plaintiff will probably rely on the statement, which, if erroneous, will cause loss or injury;
> (4) the plaintiff, justifiably, takes action in reliance on the statement; and
> (5) the plaintiff suffers damage proximately caused by the defendant's negligence.

*Martens Chevrolet, Inc. v. Seney*, 292 Md. 328, 336–37, 439 A.2d 534, 539 (1982). Plaintiff's contributory negligence, however, may act as a complete bar to Plaintiff's claim even if the Defendant is found to have made a negligent misrepresentation. *See*, *Renick v. Sperau* 2013 WL 2139500, pp. 3-4 (D.Md 2013). Contributory negligence is "that degree of reasonable and ordinary care that a plaintiff fails to undertake in the face of an appreciable risk which cooperates with the defendant's negligence in bringing about the plaintiff's harm." *Prudential Securities, Inc. v. E-Net, Inc.*, 140 Md.App. 194, 229 (2001).

In the present case, Cross River cannot meet the 4th element of its negligent misrepresentation claim. It did not justifiably rely upon any negligent statements made by 3 Bea's or Ms. Stewart. Additionally, the evidence shows that Cross River was contributorily negligent in funding the PPP loan in the amount of $1,706,117. The loan application itself, which is part of the signed documents relied upon by Cross River in its motion (Document 29-5, p. 7) sets forth a monthly payroll of $8,272. It also requests a loan in the amount of $20,680. This is completely contradictory to the approved amount of $1,706,117. With completely contradictory amounts in it own documents, Cross River cannot justifiably rely upon those figures. Moreover, it was a total and complete lack of reasonable and ordinary care that allowed Cross River to fund the PPP loan

11

in the amount of $1,706,117. Had it exercised ordinary and reasonable care, it would have noticed the contradiction and not funded the loan. Thus, Cross River's contributory negligence is a complete bar to its claim and its motion for summary judgment must be denied.

**VIII. Cross River is not Entitled to Summary Judgment on its Fraudulent Conveyance Claim.**

Cross River's final claim is one for fraudulent conveyance. This claim is based upon 3 Bea's purchase of a home with $749,000 from the PPP loan proceeds. As explained in Ms. Stewart's affidavit, this home was purchased to expand 3 Bea's business on the advice of her attorney, Charles Tucker. (Exhibit 1, ¶¶19-20). Cross River accurately states the home is currently titled in the name of Ms. Stewart and her son, David Stewart.

The titling of the home was a matter of convenience. It was not done in secret or concealed in any way. Rather, it is a matter of public record, as it was easily found by Cross River. The generally recognized "indicia of fraud" cited by Cross River do not support a finding of a fraudulent conveyance in this matter. Ms. Stewart was concerned with her health at the time the property was titled due to her cancer that had returned. (Exhibit 1, ¶21). As a result, she wanted her son to be on title to the home.

Cross River has not met its burden to show that there is no genuine dispute of material fact with regard to the alleged fraudulent conveyance. If Cross River is not entitled to be repaid the monies it alleges are owed as argued in sections I – VII above, then there is no indebtedness to support its fraudulent conveyance claim. Thus, summary judgment must be denied.

**CONCLUSION**

Cross River relies heavily upon the documents that contain Connie Stewart's electronic signature in support of its motion for summary judgment. In doing so, however, Cross River ignores the conflict and ambiguity in those very documents. These were documents that were

12

prepared by Cross River. Cross River's negligence in preparing these documents and funding a PPP loan based on these documents should be a complete bar to its claims. The equities do not weigh in favor of Cross River. At a minimum, factual disputes exists which prevent summary judgment in this matter. As a result, Cross River's Motion for Summary Judgment must be denied.

                Respectfully Submitted,

                MCNAMEE HOSEA, P.A.

                By: */s/ Brent M. Ahalt*
                    Brent M. Ahalt
                    6411 Ivy Lane, Suite 200
                    Greenbelt, MD  20770
                    (301) 441-2420
                    (301) 982-9450 (fax)
                    bahalt@mhlawyers.com
                    *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of January 2023, I electronically filed the foregoing Opposition to Motion for Summary Judgment with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following:

Blake W. Frieman
Bean, Kinney & Korman, PC
2311 Wilson Blvd., Suite 500
Arlington, VA 22201
bfrieman@beankinney.com

Jonathan J. Lerner
105 Eisenhower Parkway, Suite 401
Roseland, NJ 07068
jlerner@starrgern.com

/s/ Brent M. Ahalt
Brent M. Ahalt