# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Cross River Bank, </br></br> Plaintiff, </br></br> v. </br></br> 3 Bea's Assisted Living, LLC, et al. </br></br> Defendants. | Civil Action No. 88:21-cv-03210 |

## AFFIDAVIT OF CONNIE STEWART

1. I, Connie Stewart, am over the age of 18 and am otherwise competent to testify to the matters set forth herein.

2. I was the owner and manager of 3 Beas Assisted Living Facilities LLC up until October 15, 2021 when that entity was forfeited.

3. I am currently the owner and president of Three Bea's Incorporated, which was incorporated with the State of Maryland on May 11, 2020.

4. 3 Beas Assisted Living Facilities LLC was and Three Bea's Incorporated is in the business of operating an assisted living facility in Southern Maryland.

5. In or about April of 2020, due to the Covid-19 pandemic, I began researching and inquiring how 3 Bea's could obtain a Paycheck Protection Program ("PPP") loan in order to help see the business through the various government shutdowns.

6. The process was very confusing to me and I eventually was solicited by Plaintiff Cross River Bank to submit an application for 3 Bea's to obtain a PPP loan. I relied upon the representatives of Cross River Bank to guide me through the application process.

7. I was informed by representatives of Cross River Bank during the process that 3 Bea's would be eligible for loan forgiveness if the funds were used for certain things. This encouraged me to continue with the process.

8. At all times during the application process I submitted truthful information to Cross River Bank.

9. I filled in the application and truthfully represented that 3 Bea's had a monthly payroll of $8,272. Thus, I requested that 3 Bea's receive a PPP loan based on that payroll.

10. While I was filling out the paperwork for the loan, I was on the phone with an employee of Cross River Bank.

11. During the application process, I never inserted the amount of $1,706,117 into the application or any of the paperwork that was submitted to Cross River Bank.

12. At all times during the application process I thought that I was applying on behalf of 3 Bea's for a PPP loan amount based on a payroll of $8,272.

13. I electronically signed all of the documents on behalf of 3 Bea's and did not believe that any of those documents requested a loan in the amount of $1,706,117 when I signed them.

14. I do recall seeing the number 17061176 and I recall believing that number was $17,061.

15. The day after I signed the documents, I contacted the representative of Cross River Bank and asked whether they received the signed documents and asked what the amount of funding would be. The representative informed me that it would be funded $1,706,117 and I was shocked. The representative asked me what the amount of my payroll was and I told her $8,272 as I had put in the application.

16. The representative said that she would look into it and get back to me as to whether the funding was correct.

17. The next day I received funding in my account of $1,706,117.

18. Shortly after receiving the funding, I retained Charles Tucker, Esquire, in Hyattsville, MD to advise me as to how to handle the PPP funding I received.

19. Mr. Tucker informed me that as long as I used the funds for 3 Bea's business, the loan would be forgiven. Moreover, Mr. Tucker informed me that I could expand 3 Bea's business using the PPP funds.

20. As a result, I purchased a house located at 13500 Danielle Circle, Brandywine, MD 20613 in order to expand 3 Bea's business. The house is currently titled in my name along with my Son, David. However, it is my intent to use the house for the business of 3 Bea's once I am licensed to run the business at that location.

21. Late in 2020, as a cancer survivor from years earlier, I learned that my cancer had returned and began undergoing treatment for a second time. The treatment continues to this day and has greatly weakened me and slowed down the process of my business expansion.

I solemnly affirm under penalties of perjury and upon personal knowledge that the foregoing statements are true.

1/26/2023
Date

Connie Stewart