UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CROSS RIVER BANK** | * | |
| V. | * | Cr. No. TJS-21-3210 |
| **CONNIE STEWART,** *ET AL.* | * | |
| **Defendants** | * | |
| | * | |

## MOTION FOR RECONSIDERATION

Three Bea's Assisted Living, LLC, and Connie Stewart through their undersigned counsel, hereby file this motion for reconsideration of the Court's granting of summary judgment against Connie Stewart individually on the breach of contract count and as grounds state:

### INTRODUCTION

On September 21, 2023, this Court issued a memorandum opinion and order granting in part and denying in part the plaintiff's motion for summary judgement on all counts. ECF 53, 54.   Relevant to this motion, the Court granted summary judgment on the breach of contract count against Connie Stewart individually, stating that Connie Stewart and Three Bea's Assisted Living, LLC (Three Bea's) were "the borrowers under the terms of the loan".   ECF at 4.   In fact, as the documents drafted by the plaintiff state repeatedly, Ms. Stewart was not a borrower on the loan and only signed as the representative of Three Bea's.   Under the applicable Maryland statute, her signature as Three Bea's representative precludes any liability for her personally.

The applicable statute was not cited by either prior defense counsel or plaintiff in the summary judgment papers. In light of the plain language of the statute, the Court is respectfully requested to reconsider its ruling against Ms. Stewart individually.

**ARGUMENT**

I. <u>Controlling Maryland Law</u>

Under Maryland law, a person (a human being) may sign a negotiable instrument as the representative of another person (a limited liability company) and in so doing, bind <u>only</u> the represented party and not the representative herself.[1] An LLC is a "person" for the purposes of Maryland commercial law.[2] Because corporations and LLC can only act through an actual human being, the law protects those who sign solely as the representative of a represented party.

Maryland Commercial Law Article, Section 3-402(b) provides as follows:

(b) If a representative signs the name of the representative to an instrument and the signature is an authorized signature of the represented person, the following rules apply: (1) If the form of the signature shows unambiguously that the signature is made on behalf of the represented person who is identified in the instrument, the representative is not liable on the instrument.

This statute was not provided by either party for the Court's consideration in the summary judgment pleadings. The statute, however, provides that Ms. Stewart "is not liable on the instrument." That she signed in a representative capacity for Three Bea's,

---

[1] The loan document is a "negotiable intrument." Md. Code CL sec. 3-104(a).
[2] Md. Code CL sec. 1-201(b)(27):"Person" means an individual, corporation, business trust, estate, trust, partnership, limited liability company, association, joint venture, government, governmental subdivision, agency, or instrumentality, public corporation, or any other legal or commercial entity."

as seen below, is plain from the bank's own documents, all currently before the Court.

And, to the extent that there is any possible ambiguity in the bank's documents, such ambiguity must be construed against the bank, as the drafter: "where an ambiguity exists in a contract, the ambiguity is 'resolved against the party who made it or caused it to be made, because that party had the better opportunity to understand and explain his meaning.'" *L & H Enterprises v. Allied Bldg.*, 88 Md.App. 642, 650 (1991), *quoting King v. Bankerd,* 303 Md. 98, 106, 492 A.2d 608 (1985)

## II. The Bank's Own Documents

All of the documents relevant to the loan in this case were drafted or provided by the plaintiff bank.   Ms. Stewart signed the loan documents as the representative of Three Bea's.[3]

Plaintiff's own exhibit, ECF 29-5, lists the "Applicant" as Three Bea's, not Ms. Stewart. *Id.*, at 7.[4]   On page 8, the bank identified the "Purpose of this form", specifically, as drafted by the bank, that purpose was **"This form is to be completed by the authorized representative of the Applicant** and submitted to your SBA Participating Lender. "   (Emphasis added).   *Id.*, at 8.

Consistent with this designation as Ms. Stewart as the representative of Three Bea's, the Resolution to Borrow makes clear in writing who the bank said was the "Borrower"

---

[3]   Md. Code CL sec. 1-201(b)(33) defines "representative": (33) "Representative" means a person empowered to act for another, including an agent, an officer of a corporation or association, and a trustee, executor, or administrator of an estate".   It is undispute that Ms. Stewart was empowered bo act for Three Bea's as a representative.

[4]   Ms. Stewart's affidavnt, ECF 38-2, confirms that she applied for the loan only on behalf of Three Bea's.   See 38-2 at paras. 3, 5, 7, 9, 12 and 13 (Para. 13 states expressly: "I electronically signed all of the documents on behalf of 3 Bea's…").

and the document again lists but one entity - "Three Bea's Assisted Living, LLC" and the document provides the borrower's address:[5] "544 Barnacle Lane, Lusby, Maryland.", which is the business address of Three Bea's.  *Id*., at 12.[6]  On the same page, the document states, prior to Ms. Stewart's signature, "<u>the following named person is an officer of Borrower.</u>" (Emphasis added).   The only entity of which Ms. Stewart is an officer is Three Bea's; the "Borrower" is therefore Three Bea's.

The next page of ECF 29-5 states before Ms. Stewart's signature "I have read all the provisions of this Resolution, and personally and <u>on behalf of the Borrower</u> certify that all statements and representations made in this Resolution are true and correct." (Emphasis added).    This document is the same "Resolution to Borrow" that identifies "Three Bea's Assisted Living, LLC" as the "Borrower."   And, in case there was any question that Ms. Stewart was acting only on behalf of the LLC, immediately following her signature the document identifies her: "as president, manager or managing member". *Id*., at 13.[7]

The SBA settlement sheet prepared by plaintiff provides the "name of payee" for

---

[5]   At the time of the loan, 944 Barnacle Land was the address for Three Bea's Assisted Living, LLC, as identified in plaintiff's complaint, ECF 1, at 1, and Ms. Stewart lived at 13500 Danielle Circle in Brandywine, Maryland, *id*.

[6]   ECF 29-5 was redacted and for reasons unknown, the name of the borrower as Three Bea's Assisted Living, LLC is blacked out in the public document.    In ECF 32, plaintiff filed unredacted exhibits under seal.    Undersiged counsel, who was not counsel when ECF 32 was filed, does not have a copy of what was contained in ECF 32.    Defense counsel does have an accurate unredacted copy of Exhibit 29-5 and the unredacted portion discussed herein are attached as Exhibit A.

[7]   There is one, and only one, place in the ECF 29-5 where Ms. Stewart's name appears next to the typed word "Borrower".    ECF 29-5, p. 19.    That form, however, also lists the loan name as Three Bea's Assisted Living and is signed, at p. 24, as quoted *infra*, only by Three Bea's Assisted Living as the Borrower.    *Id*., at 24.

the loan as "Three Bea's Assisted Living". The SBA Note lists the loan name as "Three Bea's Assisted Living" And, the loan note, upon which this entire case is based, is signed as follows:

BORROWER NAME(S) AND SIGNATURE(S):

By signing below, each individual or entity becomes obligated under this Note as Borrower

<u>Three Bea's Assisted Living</u>

By: Connie Stewart

Name: CONNIE STEWART

ECF 29-5, at p. 24. It is difficult to imagine how much more "unambiguous" denoting Ms. Stewart as the representative of Three Bea's could be than the language of the bank's form.

In addition, the form language provides for the situation where more than one entity is the borrower; but the document lists only one: Three Bea's Assisted Living, signed "By" Connie Stewart. Only one borrower exists obligated on this Note, by the plaintiff's own documents.

Under CL sec. 3-402(b)(1), as the representative of the represented party, Ms. Stewart cannot be held liable under this note. Ms. Stewart signed "merely to complete the signature of the corporation or other party whom [s]he represented." *Lanier v. Bank of Virginia - Potomac*, 39 Md.App. 589, 595 (1978). Maryland law precludes liability for her personally.

## CONCLUSION

Based on the uncontroverted statutes cited herein, the Court is respectfully requested to apply the controlling law and reconsider its grant of summary judgment on count one against Ms. Stewart personally.

Respectfully submitted,

_____/s/_____
Richard Bardos
Schulman, Hershfield & Gilden, P.A.
1 East Pratt Street, 9th Floor
Baltimore, Maryland 21202
(410) 332 0850

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 4th of October, 2023, a copy of the foregoing was served electronically by ECF to all plaintiff's counsel.

_____/s/_____
Richard Bardos