## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

_____

CROSS RIVER BANK                              |
                                              |
            Plaintiff,                        |
      v.                                       |      Case No:   8:21-cv-3210-TJS
                                              |
3 BEA'S ASSISTED LIVING LLC,                  |
a Maryland Limited Liability Company,         |
a/k/a THREE BEA'S ASSISTED LIVING,            |
CONNIE STEWART, and                           |
DAVID STEWART JR.                             |
                                              |
            Defendants.                       |
_____ |


## MEMORANDUM IN SUPPORT OF CROSS RIVER BANK'S SUBMISSION OF A PROPOSED ORDER GRANTING SUMMARY JUDGMENT AND SETTING FORTH THE CALCULATION OF DAMAGES AS REQUIRED BY THE COURT'S MEMORANDUM OPINION


Dated:   October 5, 2023


Blake W. Frieman, MD. Fed. No. 20959
Bean, Kinney & Korman, P.C.
2311 Wilson Blvd., Suite 500
Arlington, VA 22201
Tel: 703.525.4000 | Fax: 703.525.2207
bfrieman@beankinney.com


Jonathan J. Lerner, Esq.
*Pro Hac Vice*
Starr, Gern, Davison & Rubin, P.C.
105 Eisenhower Parkway, Suite 401
Roseland, NJ 07068-1640
Tel: 973.403.9200 | Fax: 973.364.1403
JLerner@starrgern.com

*ATTORNEYS FOR CROSS RIVER BANK*

Plaintiff, Cross River Bank ("Plaintiff"), by counsel, respectfully submits this memorandum as required by the Hon. Timothy J. Sullivan, Chief U.S.M.J.'s September 21, 2023 Memorandum Opinion ("Opinion") granting Plaintiff summary judgment as to Count One (Breach of Contract) and Count Seven (Fraudulent Conveyance).

**Interest**

The basis of Plaintiff's interest calculation is the Small Business Administration Note ("Note") which was entered into by Defendants 3 Bea's Assisted Living LLC ("3 Bea's") and Connie Stewart relevant to this action.   The Note states "[t]he interest rate on this Note is fixed at the rate of 1.00% per annum."   (ECF No. 29-5, p. 3).   The Note further states that "[t]he interest rate on this Note is computed on a 365/365 basis. . . ."   (ECF No. 29-5, Note, p. 3).

Interest accrues from the date of disbursement of the funds by Cross River Bank on May 7, 2020.

1% Interest divided by 365 days = .002740% (Percentage per day)

$1,701,399.47 ($1,706,117 Amount Funded - $4,717.53 recalled from 3 Bea's' bank account) x .00002740% (Percentage per day) = $46.62 (Interest per day)

$46.62 (Interest per day) x 365 days = $17,016.30 (Interest per year)

$17,016.30 (Interest per year) x 3 years = $51,048.90 (5/7/20 - 5/7/23)
(Add'l Interest from 5/8/23 – 10/5/23)   = $ 7,039.62
(Total Interest through 10/5/23)             $58,088.52

**Late Fees**

As the Note states, "[i]f a payment is 10 days or more late, Borrower will be charged 5.000% of the unpaid portion of the regularly scheduled payment or $10.00, whichever is greater." (ECF No. 29-5, p. 3).   As Defendants 3 Bea's Assisted Living LLC ("3 Bea's") and Connie Stewart made no payments, Plaintiff assessed a 5% late fee based on the total amount funded, $1,706,117 less the $4,717.53 recalled from 3 Bea's' bank account, $1,701,399.47 (5% of $1,701,399.47 = $85,069.97).   This method of calculation of late fees was presented in Plaintiff's

1

Statement of Undisputed Material Facts in Support of Motion for Summary Judgment ("Statement of Undisputed Material Facts") (ECF No. 29-1, Statement of Undisputed Material Facts, p. 28).

**Calculation of Damages**

|   |   |   |
|---|---|---|
|   | $1,706,117.00 | (Amount funded) |
| - | $     4,717.53 | (Amount recalled from 3 Bea's' bank account) |
|   | $1,701,399.47 |   |
| + | $     58,088.52 | (Interest at 1% through 10/5/23) |
|   | $     85,069.97 | (5% Late Fee) |
|   | $1,844,557.96 | (Amount Due/Damages) |

**Attorneys Fees and Costs**

The Note provides for recovery of "reasonable attorney's fees and costs" in the event the lender is forced to "[i]ncur expenses to collect amounts due under this Note, enforce the terms of this Note or any other Loan Documents . . . " (ECF No. 29-5, Note, ¶ 6(B)). Accordingly, Plaintiff is entitled to recovery of its reasonable attorney's fees and costs pursuant to the contract itself.

In its Opinion the Court requested submission of a revised order to include interest and late fees, as well as attorney's fees. Plaintiff respectfully interprets this directive to mean that with respect to attorney's fees, Plaintiff must follow Appendix B's mandatory rules regarding billing format and time recordation, organized by specified litigation phase. Plaintiff also interprets this directive to mean in accordance with L.R.Civ.P. 109(2), which references Appendix B, that the motion for attorney's fees must be filed within fourteen (14) days of the entry of judgment with the memorandum submitted within thirty-five (35) days from the date the motion is filed. The Court's present Order specifically states "[t]his Order is not a final judgment under Rule 58." Accordingly, the Order may not be considered final for purposes of Fed.R.Civ.P. 54.

As such, the time for filing a motion for attorney's fees pursuant to L.R.Civ.P. 109(2) does not begin to run until a final judgment is entered. In addition, as a Motion for Reconsideration

has recently been filed, Plaintiff wishes to include the future time spent opposing that motion as well in our counsel fee application.   Nevertheless, we have included an estimated amount of counsel fees in the proposed order, which is subject to change upon filing of the motion for award of counsel fees.   Plaintiff also respectfully will submit a bill identifying costs in accordance with L.R.Civ.P. 109(1).

**Setting aside the conveyance of funds used by Connie Stewart to buy the 13500 Danielle Circle, Brandywine, Maryland property**

The Court's Opinion requested a brief memorandum explaining the original order's specified relief of setting aside the conveyance of funds used by Connie Stewart to purchase the real property located at 13500 Danielle Circle. Brandywine, Maryland ("Property").  Plaintiff, without waiving its right to seek such relief in the future in federal court, state court, or other court, does not currently seek this relief of this Court, in light of the Court's Opinion and Order.   It expressly reserves and preserves its right to seek this relief in the future.   This is stated without prejudice to Plaintiff's right to take any other steps necessary available under the MUFCA or any other applicable law.

**Vesting of title to the 13500 Danielle Circle, Brandywine, Maryland property in 3 Bea's Assisted Living LLC**

The Court's Opinion requested a brief memorandum explaining the original order's specified relief that title to the Property be vested in the name of 3 Bea's Assisted Living, LLC. In light of the Court's Opinion and Order, title to the Property vested in 3 Bea's Assisted Living LLC is unnecessary.[1]   However, Plaintiff reserves the right in the future to seek additional relief as to the vesting of title in 3 Bea's Assisted Living, LLC as may be appropriate and necessary,

---

[1] In light of the Defendants' recent filing of a Motion for Reconsideration which seeks to overturn the judgment entered against Connie Stewart as to Count One, we wish to preserve all rights to seek additional relief depending on the results of that motion.

including in this Court.   This is stated without prejudice to Plaintiff's right to take any other steps necessary available under the MUFCA or any other applicable law.

**Conclusion**

For all the foregoing reasons, it is respectfully requested that the Court enter Plaintiff's revised proposed form of Order.

Dated:   October 5, 2023

/s/   Blake W. Frieman
Blake W. Frieman, MD. Fed. No. 20959
Bean, Kinney & Korman, P.C.
2311 Wilson Blvd., Suite 500
Arlington, VA 22201
Tel: 703.525.4000 | Fax: 703.525.2207
bfrieman@beankinney.com


/s/   Jonathan J. Lerner
JONATHAN J. LERNER, ESQ.
*Pro Hac Vice*
Starr, Gern, Davison & Rubin, P.C.
105 Eisenhower Parkway, Suite 401
Roseland, NJ 07068-1640
Tel: 973.403.9200 | Fax: 973.364.1403
JLerner@starrgern.com

*ATTORNEYS FOR CROSS RIVER BANK.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 5, 2023, I electronically filed the foregoing using the CM/ECF system, thus causing an electronic copy to be served upon all registered users in this case.

/s/   Jonathan J. Lerner
Jonathan J. Lerner