IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CROSS RIVER BANK, | * | |
| Plaintiff, | * | |
| | * | Case No. TJS-21-3210 |
| v. | * | |
| 3 BEA'S ASSISTED LIVING LLC, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \*

**MEMORANDUM OPINION**

Two matters are pending before the Court: (1) the Motion for Reconsideration ("Motion") (ECF No. 57) filed by Defendants Three Bea's Assisted Living, LLC ("Three Bea's") and Connie Stewart and (2) Plaintiff Cross River Bank's "Memorandum in Support of Cross River Bank's Submission of a Proposed Order Granting Summary Judgment and Setting Forth the Calculation of Damages as Required by the Court's Memorandum Order" (ECF No. 58).[1] Having considered the parties' submissions (ECF Nos. 57, 58 & 59), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the following reasons, the Motion will be denied and judgment will be entered in favor of Cross River Bank in the form that it requests.

On September 21, 2023, the Court entered a Memorandum Opinion and Order granting in part and denying in part Cross River Bank's motion for summary judgment. ECF Nos. 53 & 54. In its opinion, the Court explained that Cross River Bank had shown that it was entitled to judgment as a matter of law on its claims for breach of contract (Count One) and fraudulent conveyance

---

[1] This case is assigned to me for all proceedings by the consent of the parties pursuant to 28 U.S.C. § 636(c). ECF No. 30.

(Count Seven). Thereafter, the Court granted Cross River Bank's motion for voluntary dismissal of Counts Two, Three, Four, Five, and Six of the Amended Complaint. ECF No. 54.

## I. Motion for Reconsideration

On October 4, 2023, Defendants filed the Motion for Reconsideration. ECF No. 57. They argue that the Court made a clear error of law and that reconsideration of the Court's decision entering judgment for Cross River Bank on Count One is warranted. *Id.* The root of the Court's error, according to Defendants, is its characterization of Defendant Connie Stewart as a "borrower[] under the terms of the loan." *Id.* at 1. Defendants state that "the documents drafted by the plaintiff state repeatedly [that] Ms. Stewart was not a borrower on the loan and only signed as the representative of Three Bea's." *Id.* Defendants argue that Maryland law does not allow for Connie Stewart to be held personally liable for the loan. *Id.*

Defendants cite Md. Code, Com. Law 3-402(b), which provides:

(b) If a representative signs the name of the representative to an instrument and the signature is an authorized signature of the represented person, the following rules apply:

> (1) If the form of the signature shows unambiguously that the signature is made on behalf of the represented person who is identified in the instrument, the representative is not liable on the instrument.
>
> (2) Subject to subsection (c), if (i) the form of the signature does not show unambiguously that the signature is made in a representative capacity or (ii) the represented person is not identified in the instrument, the representative is liable on the instrument to a holder in due course that took the instrument without notice that the representative was not intended to be liable on the instrument. With respect to any other person, the representative is liable on the instrument unless the representative proves that the original parties did not intend the representative to be liable on the instrument.

The term "representative" is defined as "a person empowered to act for another, including an agent, an officer of a corporation or association, and a trustee, executor, or administrator of an estate." Md. Code., Com. Law § 1-201(33).

Defendants argue that § 3-402(b) protects her from liability.[2] They argue that Connie Stewart signed the relevant documents, including the promissory note ("Note") in a representative capacity of Three Bea's, and not in her personal capacity. *Id.* at 2-3. And Defendants argue that even if there is ambiguity in the loan documents as to the capacity in which Connie Stewart signed them, the ambiguity must be construed against Cross River Bank because it drafted the documents. *Id.*

Cross River Bank opposes the Motion. ECF No. 59. It argues that the Note "expressly provides that 'All individuals and entities signing this Note are jointly and severally liable.'" *Id.* at 3, 17. Further, the Note defines Connie Stewart as the borrower of the loan. *Id.* at 3, 13. It states that there is no dispute that Connie Stewart actually signed the Note and the relevant loan documents. *Id.* at 3. In doing so, it argues, Connie Stewart promised to repay the loan and agreed that she was jointly and severally liable with Three Bea's. ECF No. 59 at 13-18.

The Court finds that the Note is unambiguous on the issue of Connie Stewart's liability for the loan. Connie Stewart was a borrower of the loan and the Note identified her as such. The Note provides that "[a]ll individuals and entities signing [the] Note are jointly and severally liable." *Id.* at 17. And above her signature on the last page of the Note, it reads: "By signing below, each individual or entity becomes obligated under this Note as Borrower." *Id.* at 18. Connie Stewart signed the Note on behalf of herself and Three Bea's. Under the terms of the Note, Connie Stewart and Three Bea's are jointly and severally liable for repayment of the loan.

Section 3-402(b) does not exempt Connie Stewart from liability. As explained above, Connie Stewart is clearly designated in the Note as a borrower. The Note states that all signatories to the Note become jointly and severally liable. Connie Stewart signed the Note as a representative

---

[2] Defendants concede that they did not raise previously raise this argument.

of Three Bea's, but also for herself. Because the form of Connie Stewart's signature on the Note does not show "shows unambiguously that the signature [was] made on behalf of" Three Bea's, and not both Three Bea's and herself, she is liable under the Note. Md. Code, Com. Law 3-402(b)(1)-(2).

If the Note had not defined Connie Stewart as the borrower and had not stated that all signatories were jointly and severally liable for the loan, the Court might have reached a different conclusion. But because the Note is unambiguous, the Court need not look further. When interpreting contracts, "the clear and unambiguous language of an agreement will not give way to what the parties thought the agreement meant or intended it to mean; where a contract is plain and unambiguous, there is no room for construction, and it must be presumed that the parties meant what they expressed." *Bd. of Trustees of State Colleges v. Sherman*, 280 Md. 373, 380 (1977); *see also Sy-Lene of Washington, Inc. v. Starwood Urb. Retail II, LLC*, 376 Md. 157, 167 (2003) (explaining that because Maryland follows the law of objective contract interpretation, a "contract's unambiguous language will not give way to what the parties thought the contract meant or intended it to mean at the time of execution; rather, if a written contract is susceptible of a clear, unambiguous and definite understanding . . . its construction is for the court to determine.") (internal quotation marks omitted). Connie Stewart and Three Bea's are jointly and severally liable under the Note. The Motion lacks merit and is thus **DENIED**.

II.   **Cross River Bank's Supplemental Memorandum**

In accordance with the Court's Order of September 21, 2023, Cross River Bank submitted a "Memorandum in Support of Cross River Bank's Submission of a Proposed Order Granting Summary Judgment and Setting Forth the Calculation of Damages as Required by the Court's Memorandum Order" (ECF No. 58). The Court has reviewed Cross River Bank's calculations for

interest and late fees. They appear to be correct. Further, because no opposition to the Memorandum has been filed, the Court finds that any objections to Cross River Bank's calculations have been waived. The Court will enter the proposed order (ECF No. 58-1) submitted by Cross River Bank, with one modification. The proposed order contains an estimate of Cross River Bank's attorney's fees. Cross River Bank may file a separate petition for attorney's fees and a bill of costs, as it proposes doing in its Memorandum (ECF No. 58 at 3).

      An accompanying Order follows.


Date: November 7, 2023                                          /s/
                                                                Timothy J. Sullivan
                                                                Chief United States Magistrate Judge