IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CROSS RIVER BANK, | * | |
| Plaintiff, | * | |
| | * | Case No. TJS-21-3210 |
| v. | * | |
| 3 BEA'S ASSISTED LIVING LLC, *et al.*, | * | |
| Defendants. | | |
| * * * * * * * | | |

**MEMORANDUM AND ORDER**

Pending before the Court is the Motion for Stay of Enforcement of Judgment Pending Appeal ("Motion") filed by Defendants 3 Bea's Assisted Living, LLC, and Connie Stewart ("Ms. Stewart") (ECF No. 68). Having considered the parties' submissions (ECF Nos. 68 & 72), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the following reasons, the Motion will be denied.

The Court previously entered judgment in favor of Plaintiff Cross River Bank, and against Defendants, in the amount of $1,844,557.96, plus interest. In addition, the Court awarded Plaintiff attorney's fees of $317,155.75 and costs in the amount of $1,427.80. The total amount of the judgment against Defendants is $2,163,141.51.

Rule 62(b) provides: "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Fed. R. Civ. P. 62(b). "A full supersedeas bond is normally required to preserve the status quo during appeal and preserve the ability of the judgment creditor to execute on the judgment." *TransPacific Tire & Wheel, Inc. v. Orteck Int'l, Inc.*, No. DKC-06-0187, 2010 WL 2774445, at *5 (D. Md. July 13, 2010) (citations omitted). Local Rule 110.1

provides: "[u]nless otherwise ordered by the Court, the amount of any supersedeas bond filed to stay execution of a money judgment pending appeal shall be 120% of the amount of the judgment plus an additional $500 to cover costs on appeal."[1] Rule 8 of the Federal Rules of Appellate Procedure provides that a "party must ordinarily move first in the district court" for a stay of judgment pending appeal.

"The purpose for requiring an appeal bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Gunter v. Alutiiq Advanced Sec. Sols., LLC*, No. JRR-20-3410, 2023 WL 8172714, at *1 (D. Md. May 24, 2023) (internal quotation marks omitted). The Fourth Circuit has not yet adopted "'any particular standard to guide a District Court's discretion in granting unsecured stays,' though every circuit that has addressed the issue has found that district courts have discretion to issue 'a stay on the basis of some lesser bond, or indeed, no bond.'" *Carrera v. E.M.D. Sales, Inc.*, No. JKB-17-3066, 2021 WL 6077120, at *2 (D. Md. Dec. 23, 2021) (quoting *Transpacific Tire*, 2010 WL 2774445, at *5). The party seeking a waiver of the bond requirement "bears the burden of justifying the waiver." *Transpacific Tire*, 2010 WL 2774445, at *5 (citing *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979)).

Defendants move for an unsecured stay pending appeal. ECF No. 68. They argue that permitting enforcement of the judgment will "cause irreparable harm to Ms. Stewart and would effectively moot the appeal in this case." *Id.* at 1. Defendants state that they "cannot possibl[y] post a bond in the amount of judgment," and that "if defendants had $2,000,000.00 on hand, this case would have been resolved long ago." *Id.* at 2. Defendants explain that the only "realistic" way

---

[1] The parties disagree about whether Rule 62(f) applies, but the disagreement is not material to the Court's analysis. There is no dispute that the Court has discretion in deciding the terms under which a stay may issue.

for Plaintiff to recover its judgment "would be the forced sale and eviction of the Brandywine property," where Ms. Stewart lives. *Id.* at 2-3. Defendants state that "in lieu of a bond," they will "agree to maintain ownership in good standing of the Brandywine property during the pendency of this appeal," and "will continue to pay the mortgage and insurance and will otherwise maintain the property in good, saleable condition." *Id.* at 2. Plaintiff objects to Defendants' requested relief. ECF No. 72.

The Court declines to exercise its discretion to issue an unsecured stay to Defendants under their requested terms. To begin, Defendants have failed to carry their burden that such a stay is warranted. Although they state that they cannot afford to post a supersedeas bond in the amount of 120% of the judgment, they provide no proof to this effect. Instead, they rely on the assertions of their attorney in the Motion. This is insufficient. *See TransPacific Tire*, 2010 WL 2774445, at *6 (finding that "providing unsigned and unverified copies of tax returns, and asserting through counsel that it cannot afford to pay for a bond" was not enough for a party seeking an unsecured stay pending appeal to shoulder its burden). It is not Plaintiff's burden to disprove Defendants' claims of insolvency. *Id.*

But even if Defendants had shown that they cannot post a supersedeas bond in the amount of 120% of the judgment plus $500 for appellate costs, the Court would still decline to exercise its discretion to enter an unsecured stay. In the Court's view, Defendants did not raise meritorious defenses against Plaintiff's claims. Defendants obtained a loan from Plaintiff and never paid it back. Some of the proceeds of the loan were used to purchase the Brandywine property. Plaintiff obtained a judgment against Defendants and has a right to collect on the judgment without further delay. Finally, Plaintiff notes that Defendants' financial situation is not as dire as they make it seem. ECF No. 72 at 12 (explaining that Ms. Stewart and her husband "currently own another

home in Saint Leonard, Maryland, where they resided . . . until 2020, when Connie Stewart purchased the Brandywine property with some of the proceeds of the PPP loan."). Defendants did not file a reply to contest this point.

    For these reasons, Defendants' Motion (ECF No. 68) is **DENIED**.

Date:  February 21, 2024                                        /s/
                                                                                 Timothy J. Sullivan
                                                                                 Chief United States Magistrate Judge