IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CROSS RIVER BANK,                         *

    Plaintiff,                              *

                                            *          Case No. TJS-21-3210

v.                                        *

3 BEA'S ASSISTED LIVING LLC, *et al.*,    *

    Defendants.                             *
                              *          *          *          *          *          *

**MEMORANDUM AND ORDER**

Pending before the Court are the following motions: Plaintiff Cross River Bank's Motion for Modification of, or Relief From, Judgment ("Rule 60 Motion") (ECF No. 90), Motion to Set Briefing Schedule for Motion for Summary Judgment (ECF No. 98), Motion for Leave to Amend Complaint ("Motion to Amend") (ECF No. 99), and Motion to Extend Time (ECF No. 101), as well as the Motion to Compel Answers to Interrogatories ("Motion to Compel") (ECF No. 92) filed by Defendants Connie Stewart ("Ms. Stewart") and 3 Bea's Assisted Living LLC ("3 Bea's"). Having considered the parties' submissions (ECF Nos. 90, 92, 93, 94, 97, 98, 99, 100, 101 & 102), I find that a hearing is unnecessary. *See* Loc. R. 105.6.

For the reasons explained below, the Court will grant Plaintiff's Motion to Amend. The Court will deny as moot Plaintiff's Rule 60 Motion and Motion to Extend Time. And the Court will deny Defendants' Motion to Compel because it is untimely. Defendants' Brief for Legal Issues Remanded by the Fourth Circuit requires no action. The parties will be ordered to submit a joint proposed briefing schedule on Plaintiff's forthcoming motion for summary judgment.

## I.  Procedural Background

This case concerns a loan made by Plaintiff to 3 Bea's that has not been repaid. *See Cross River Bank v. 3 Bea's Assisted Living LLC*, No. 23-2271, 2025 WL 1577563, at *1 (4th Cir. June 4, 2025). During the height of the COVID-19 pandemic, Ms. Stewart applied for a Paycheck Protection Program ("PPP") loan on behalf of her business, 3 Bea's. Plaintiff approved the loan but mistakenly funded it in the amount of $1,706,711 (the maximum loan amount that 3 Bea's qualified for under the PPP was $20,680). *See* ECF No. 90 at 3. Upon realizing its mistake, Plaintiff attempted to recall the loan but was only able to recall $4,717.53 from 3 Bea's bank account. Plaintiff alleges that the loan has not been repaid, and that Ms. Stewart has treated the windfall to 3 Bea's as her "personal piggybank." *Id.* at 4. Plaintiff filed this lawsuit to recover the proceeds of the loan.

Previously, the Court granted Plaintiff's motion for summary judgment in part, finding that Plaintiff was entitled to judgment against Defendants on its claims for breach of contract and fraudulent conveyance. ECF Nos. 53 & 54. The Court denied Plaintiff's motion as to its claims for money had and received, unjust enrichment, conversion, fraud/misrepresentation, and negligent misrepresentation. *Id.* In doing so, the Court explained that Plaintiff could not prevail on both contract and quasi-contract claims arising from the same subject matter. *Id.* And as to the fraud/misrepresentation and negligent misrepresentation claims, the Court found that Plaintiff had failed to establish that it was entitled to judgment as a matter of law. *Id.* At the Court's invitation, Plaintiff moved to voluntarily dismiss its claims for money had and received, unjust enrichment,

conversion, fraud/misrepresentation, and negligent misrepresentation, and the Court granted the motion.[1] ECF Nos. 55 & 56.

Ms. Stewart appealed and the Fourth Circuit vacated the Court's judgment as to Count I, holding that the Court erred in finding that Plaintiff was entitled to judgment as a matter of law on its breach of contract claim against Ms. Stewart.

On remand, the Fourth Circuit directed this Court to

> determine whether Section 3-402(b) of the Maryland Commercial Code applies here, see Md. Code, Com. Law. § 3-104(a) (defining "negotiable instrument"), and, if so, how that statute bears on whether Stewart signed the note in her personal capacity, see § 3-402(b)(2) (providing different rules for answering that question when "the form of" a representative's signature "does not show unambiguously that the signature is made in a representative capacity").

*Cross River Bank*, 2025 WL 1577563, at *3. Consistent with the Fourth Circuit's instruction, the Court directed the parties to submit their proposal for how the Court should proceed. ECF No. 80.

---

[1] As Plaintiff correctly notes, Rule 41 applies to dismissal of actions, and not to claims or counts. See ECF No. 97 at 10 n.3; *Skinner v. First Am. Bank of Va.*, 64 F.3d 659 (Table), 1995 WL 507264, at *2 (4th Cir. 1995) ("Because Rule 41 provides for the dismissal of actions, rather than claims, Rule 15 is technically the proper vehicle to accomplish a partial dismissal."). A proposed amendment to Rule 41 is in the comment stage at present. The amendment would expand the reach of Rule 41 to dismissal of claims, in addition to actions. Committee on Rules of Practice and Procedure of the Judicial Conference of the United States, Preliminary Draft of Proposed Amendments to the Federal Rules of Appellate, Bankruptcy, Civil, and Criminal Procedure, and the Federal Rules of Evidence 51–54 (2025), https://perma.cc/E3XK-6NXK. If adopted, the amendment would go into effect on December 1, 2027. Still, the Court does not accept Plaintiff's position that the Court's order granting Plaintiff's motion for voluntary dismissal of claims is a legal nullity. Taking this argument to its conclusion would mean that the Fourth Circuit was without jurisdiction under 28 U.S.C. § 1291 to render its decision in this case. And there is no question that if Plaintiff had sought to amend its complaint to eliminate the claims for which the Court denied summary judgment, the Court would have been required to accept the amendment under Rule 15(a). Plaintiff's dismissal of these claims accomplished the same thing. *Skinner*, 1995 WL 507264, at *2 ("Since the structure of the two rules is similar, and since the district court's discretion is involved when leave of court is required, whether plaintiff's motion is made under Rule 15 or under Rule 41(a)(2), the choice of rules is largely a formal matter.") (quoting 5 J. Moore, J. Lucas & J. Wicker, Moore's Federal Practice ¶ 41.06–1, at 41–92 (1995)); *see also Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 792 n.1 (D. Md. 2010) (explaining that Rule 1 instructs the Court "not [to] exalt form over substance").

Plaintiff informed the Court that it did not intend to pursue its breach of contract claim against Ms. Stewart and that it would instead proceed against her on its quasi-contract claims. ECF No. 82. Thereafter, the parties filed the multitude of motions now before the Court.

## II.    Discussion

### A.    Motion to Amend

Plaintiff moves for leave to file a Second Amended Complaint. ECF No. 99. The Second Amended Complaint differs from the Amended Complaint (ECF No. 9) in a single respect: it omits Plaintiff's factual allegations and breach-of-contract claim against Ms. Stewart. ECF No. 99-2 at 6-8, 16. This change is consistent with Plaintiff's earlier notice to the Court "that it does not intend to continue its pursuit of Count I with respect to Defendant Connie Stewart." ECF No. 89. Plaintiff argues that its proposed amendment is in the interests of justice because it is not prejudicial to Defendants and because the amendment is not made in bad faith. ECF No. 99 at 1. Plaintiff also argues that there is good cause to permit the amendment because it will streamline the issues in the case. Defendants state that they consent to the proposed amendment, ECF No. 102 at 4 n.3, but also argue that some of the claims are barred by the statute of limitations, *id.* at 10-13.

A party may amend its pleading once as a matter of course within 21 days after serving it or within 21 days after service of a motion under Fed. R. Civ. P. 12(b), whichever is earlier. Fed. R. Civ. P. 15(a)(1). When the right to amend as a matter of course expires, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Whether to grant leave to amend is a matter left to the discretion of the Court, *see Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011), though the Court must "freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2). Denial of leave to amend is appropriate "*only* when the amendment would be prejudicial to the opposing party, there has

been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (emphasis in original) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)); *see also Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010) ("It is this Circuit's policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a).").

Leave to amend will be denied for claims barred by the statute of limitations because allowing time-barred claims to proceed would be futile. *See Mbanusi v. Liberty Mut. Ins. Co.*, No. DLB-23-777, 2025 WL 1311686, at *2 (D. Md. May 6, 2025) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). When a party seeks leave to amend to bring a facially untimely claim, the Court must consider whether the claim is "saved by the relation-back authorized by Rule 15(c)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 466 (4th Cir. 2007).

Rule 15(c) "governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010). Under Rule 15(c)(1)(B), "an amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Judge Boardman explained when claims relate back under this provision:

> To relate back, "there must be a factual nexus between the amendment and the original complaint." *Grattan v. Burnett*, 710 F.2d 160, 163 (4th Cir. 1983), *aff'd*, 468 U.S. 42 (1984). That is, "the amended claims and the original claims [must] share a core of operative facts." Steven S. Gensler, *Federal Rules of Civil Procedure: Rules & Commentary* ("*Rules & Commentary*") Rule 15 (2022). If "there is some factual nexus, an amended claim is liberally construed to relate back to the original complaint if the defendant had notice of the claim and will not be prejudiced by the amendment." *Grattan*, 710 F.2d at 163; *Bradley v. Veterinary Orthopedic Sports Med. Grp.*, No. DKC-19-2662, 2022 WL 703916, at *8 (D. Md. Mar. 9, 2022). Thus, "relation back is proper when the amended complaint

5

amplifies the existing allegations or makes the existing allegations more definite and precise" by "present[ing] additional facts." Gensler, *Rules & Commentary* Rule 15. Relation back also is proper even if the amendment presents a "new claim [that] involve[s] different sources of proof" or "new legal theories," as long as "the core facts are the same." *Id.* In contrast, relation back is not proper if the amendment presents "new claims [that] arise from an entirely different event or set of facts." *Id.*

*Mbanusi*, 2025 WL 1311686, at *2.

The "fundamental question" in deciding whether a claim relates back under Rule 15(c)(1)(B) "is whether the original complaint served the notice-giving purpose of the limitations period by providing fair notice—within the applicable limitations period—of the basis for liability that was added in the amended complaint." *Id.* (quoting Gensler, *Rules & Commentary* Rule 15). When a party "has been notified of litigation concerning a particular occurrence," they have "been given all the notice that statutes of limitations were intended to provide." *Id.* (quoting *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 n.3 (1984)); *Krupski*, 560 U.S. at 550 (2010) (explaining that "the purpose of relation back [is] to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits"). When the policies of statutes of limitations have been effectively served, "Rule 15(c) must be understood to freely permit amendment of pleadings and their relation-back." *Id.* (quoting *Goodman*, 494 F.3d at 468). And where "the substantive allegations in [an] amended complaint [are] identical to those contained in the initial complaint, the requirements of relation back under Rule 15(c) clearly apply." *Freight Drivers & Helpers Loc. Union No. 557 Pension Fund v. Penske Logistics LLC*, 784 F.3d 210, 218 (4th Cir. 2015). Relation back is proper "even if the amendment presents a 'new claim [that] involve[s] different sources of proof' or 'new legal theories,' as long as 'the core facts

are the same.'" *Robinson v. Pytlewsti*, No. DLB-19-1025, 2022 WL 2359359, at *8 (D. Md. June 30, 2022) (quoting Gensler, *Rules & Commentary* Rule 15).

In this case, Plaintiff seeks to reinstate two of the claims that it previously dismissed. It dismissed these claims because it prevailed on its breach of contract claim as to both defendants. Because the Fourth Circuit vacated this Court's judgment on the breach of contract claim as to Ms. Stewart, Plaintiff now intends to proceed against her on its quasi-contract theories. The claims Plaintiff seeks to reinstate (money had and received and unjust enrichment) were part of this litigation from its inception. They arose from the same conduct, transaction, and occurrence as the claims that remained in the case throughout: Defendants' receipt, retention, and disposition of loan proceeds, and their refusal to repay or return the proceeds to Plaintiff. Defendants were on notice of these claims within the limitations period, having litigated them through summary judgment before Plaintiff's voluntary dismissal. Because the substantive allegations underlying the revived claims are identical to those in the prior pleadings, relation back under Rule 15(c)(1)(B) is clearly satisfied.[2] *See Freight Drivers*, 784 F.3d at 218. The Court rejects Defendants' statute-of-limitations argument.

The Court further finds that Plaintiff's proposed amendment will not prejudice Defendants. Defendants were on notice of the non-contract claims before the statute of limitations passed. They defended against these claims at summary judgment. Plaintiff only lost these claims on summary

---

[2] Rule 15(c)(1)(A) provides another basis for relation back. This rule states that an amendment relates back when "the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A). Maryland law would allow relation back because Plaintiff's quasi-contract claims arise from "essentially the same" operative facts as its contract claim. *See Reichert v. Hornbeck*, No. JMC-24-1865, 2025 WL 2062199, at *8 (D. Md. July 23, 2025) ("Under Maryland law, an amendment relates back to a prior pleading, so long as the operative factual situation, stated in the amended pleading, remains essentially the same, as alleged in the prior pleading.") (internal citations and quotation marks omitted).

judgment because it prevailed on its breach of contract claim, which precluded it from obtaining relief on the quasi-contract claims. Now that the Fourth Circuit has partially vacated the Court's judgment on the breach of contract claim, it is not unfairly prejudicial to require Defendants to face liability on the other claims. To hold otherwise would be to grant Defendants a (second) windfall, which would offend basic equitable principles. Finally, Plaintiff's proposed amendment has not been made in bad faith. Plaintiff seeks to recover against Defendants for a loan that has not been repaid. Its legal strategy may have changed since the Fourth Circuit's ruling, but its legal theories and claims have remained consistent. Because Plaintiff's proposed amendment is not futile, unfairly prejudicial, or the product of bad faith, the Court is required to grant Plaintiff leave to file its Second Amended Complaint.[3]

Because the Court will grant Plaintiff leave to amend, the Court agrees with Plaintiff that the Rule 60 Motion (ECF No. 90) may be denied as moot.[4] The same goes for Plaintiff's Motion to Extend Time (ECF No. 101). The Court finds that Defendants' brief concerning the issues remanded by the Fourth Circuit is not relevant to the claims of the Second Amended Complaint. And to the extent that Defendants' arguments are relevant, they may raise them in summary judgment briefing. The Court will grant Plaintiff's Motion to Set Briefing Schedule (ECF No. 98) and direct that the parties submit a joint proposed briefing schedule to resolve the remaining claims.

---

[3] Although the Second Amended Complaint includes claims for fraud/misrepresentation and negligent misrepresentation (ECF No. 60 ¶¶ 60-78), Plaintiff only intends to proceed as to Counts II and III against Ms. Stewart, and the "unadjudicated portion of Count VII" as to both Defendants. ECF No. 98 at 1. Like Defendants, the Court is uncertain how Plaintiff might obtain further relief in connection with Count VII. *See* ECF No. 102 at 14. Nonetheless, the Court declines to resolve the issue of Count VII in the abstract and will instead permit the parties to address it through briefing.

[4] Had the Court not granted leave to amend, the Court would have granted the Rule 60 Motion pursuant to Rule 60(b)(1) and (5).

B.      **Motion to Compel**

Defendants move to compel Plaintiff to respond to their discovery requests. ECF No. 92. The Motion to Compel must be denied because it is untimely. Discovery closed on December 31, 2022.[5] ECF No. 19. Under the scheduling order, all discovery requests were required to be "served in time to assure that they are answered before the discovery deadline." ECF No. 17 at 2. Here, Defendants' discovery requests were served on July 31, 2025, well after the close of discovery. To the extent that Defendants take issue with the discovery responses that Plaintiff served in 2022, their motion runs afoul of the Local Rules, which require that discovery disputes be presented to the Court promptly. *See* Loc. R. 104.8; *see also* Guideline 1(f) in Appendix A of the Local Rules. For these reasons, Defendants' Motion to Compel is denied as untimely.[6]

III.    **Conclusion**

For the reasons stated above, Plaintiff's Motion to Amend (ECF No. 99) is **GRANTED**. The Clerk of Court shall file the document at ECF No. 99-1 as Plaintiff's Second Amended Complaint. Plaintiff's claims against Ms. Stewart as to Counts II and III, and against both Defendants in the purportedly "unadjudicated portion of Count VII" shall proceed. Because the only change in the Second Amended Complaint is the elimination of Plaintiff's breach of contract claim as to Ms. Stewart (and allegations relevant thereto), Defendants will not be required to file

---

[5] Defendants argue that the discovery deadline was "unclear" because "the parties had agreed on multiple occasions that discovery should be delayed until after the settlement conference." ECF No. 92 at 4. But the Court never approved such an agreement, and a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

[6] The Court also finds no good cause to reopen discovery. Plaintiff has dismissed its breach of contract claim against Ms. Stewart, which was the only claim relevant to what Defendants describe as the "[n]ew issues . . . put before the Court by the Fourth Circuit." ECF No. 92 at 4. To the extent that Defendants' discovery requests are relevant to any of the remaining claims, Defendants have not demonstrated excusable neglect for their failure to seek this discovery during the period provided under the scheduling order. *See* Fed. R. Civ. P. 6(b).

another answer. *See* Fed. R. Civ. P. 15(a)(3). Defendants' Motion to Compel (ECF No. 92) is

**DENIED**. Plaintiff's Rule 60 Motion (ECF No. 90) and Motion to Extend Time (ECF No. 101)

are **DENIED AS MOOT**. Plaintiff's Motion to Set Briefing Schedule (ECF No. 98) is

**GRANTED**.

By **May 1, 2026**, the parties shall submit a joint proposed briefing schedule for Plaintiff's

proposed motion for summary judgment.


Date: April 21, 2026                                                    /s/

                                                    Timothy J. Sullivan
                                                    Chief United States Magistrate Judge